**OSBORNE, Appellant,**

v.

**OSBORNE, Appellee.**

[Cite as *Osborne v. Osborne* (1992), 81 Ohio App.3d 666.]

Court of Appeals of Ohio,
Meigs County.

No. 472.

Decided July 6, 1992.

*Fultz & Warner* and *Linda R. Warner,* for appellant.[1]
*Crow & Crow Co. L.P.A.,* and *I. Carson Crow,* for appellee.

HARSHA, Judge.

This is an appeal from a judgment entered by the Meigs County Court of Common Pleas granting a postdissolution decree motion filed by Kathy D. Osborne, petitioner-appellee, and increasing the amount of child support to be paid by William R. Osborne, petitioner-appellant, from $100 per child per month to $207.45 per child per month. The trial court additionally ordered appellant to pay the new child support amount retroactive to the date of the dissolution decree.

Appellant assigns the following errors:

"I. The trial court erred in modifying the child support obligation as there was no evidence of or determination that any substantial change of circumstances had occurred since the initial order of the Court on May 11, 1990.

"II. The trial court erred by finding that the child support worksheet was fraudulent inasmuch as no testimony was offered at the motion hearing indicating any fraudulent acts.

"III. The trial court erred in determining that child support arrearage calculating from the date of the original Dissolution Decree rather than the date of the court's decision or the date of the filing of the motion by Appellee." (*Sic.*)

The parties married on September 21, 1973, and subsequently had two children. On March 2, 1990, the parties entered into a separation agreement which incorporated a joint custody plan under which the parties' children would reside with appellee and appellant would pay child support to appellee in the amount of $100 per child per month. Soon thereafter, the parties filed

---

1. Appellant was represented by different counsel during the proceedings below.

a petition for dissolution of their marriage. In May 1990, the parties filed a signed and notarized child support worksheet, which listed appellant's annual gross income as $16,800 and computed his child support obligation pursuant to the child support guidelines as $167.50 per child per month. Nevertheless, the trial court entered a decree of dissolution which incorporated the parties' separation agreement, including appellant's obligation to pay only $100 per child per month in child support.

In October 1990, appellee filed a motion requesting an order increasing the amount of child support and requesting that such order be made retroactive to the date of the dissolution of the parties' marriage. In an attached affidavit, appellee stated that the $16,800 annual gross income listed by appellant in the May 1990 child support worksheet was incorrect, since appellant actually earned approximately $26,800 per year. Subsequently, appellant filed a motion to dismiss appellee's motion on the basis that there had been no change of circumstances since the filing of the dissolution decree.

A hearing on these postdissolution decree motions was held and the following pertinent evidence was introduced. Appellant testified that he signed and completed the May 1990 child support worksheet, which stated his gross annual income as $16,800. Appellant claimed that he was paying only approximately $100 per child per month because the parties had agreed in their separation agreement to the lower amount. Appellant admitted that at the time he completed and signed the worksheet, he was actually making approximately $28,000 per year, instead of merely $16,800.

Appellee testified that based upon the parties' calculation of $167.50 per child per month in child support pursuant to the guidelines, she still decided to agree to the figure of $100 per child per month in child support. However, appellee further testified that if she had known that appellant had been making considerably more money than the figure he supplied in the worksheet computation, she would not have signed the parties' separation agreement. According to appellee, in the two years prior to the parties' separation, appellant always handled his money himself and appellee never saw any of appellee's paychecks. Following the hearing, a 1989 W–2 Wage and Tax Statement indicated that appellant's gross annual income was actually $29,-500.

The parties filed additional memoranda in support of their motions. In appellee's memorandum, it was asserted that she "cannot enter into an agreement having incorrect facts upon which to base her decision" and that "there was a change of circumstances or in the alternative * * * relief should be granted under Civil Rule 15(B) for the judgment requested as Movant was not aware that Respondent earns $28,000.00 per year until testimony was

given at the December 19, 1990, hearing." Appellant's memorandum stated that there was no fraud and no change of circumstances justifying child support modification.

The trial court entered a judgment which (1) determined that the child support worksheet filed by appellant in May 1990 was fraudulent in that he misstated his actual annual earnings from employment; (2) ordered that appellant pay child support in the amount of $207.45 per child per month (that is, the $274.95 amount calculated pursuant to the statutory guidelines based on appellant's actual earnings minus the $67.50 amount by which the parties agreed the guideline amount would be lowered); and (3) ordered that the $207.45 child support amount be made retroactive to the date that appellant filed the fraudulent child support worksheet.

Appellant's first assignment of error asserts that the trial court erred in modifying the child support obligation, as there was no evidence of or determination that any substantial change of circumstances had occurred since the initial order of the court in May 1990. Appellant's second assignment of error asserts that the trial court erred by finding that the child support worksheet was fraudulent where no testimony was offered at the motion hearing indicating any fraudulent acts. We proceed to analyze these assignments of error jointly.

█ Appellant asserts that the relief requested by appellee, a modification of child support, was available through a Civ.R. 60(B) motion for relief from judgment rather than a modification motion.

"Child support appears to be an area which dictates the filing of a motion to modify rather than a Rule 60(B) motion. There need not be an express reservation of jurisdiction in the decree as the judicial authority to modify support orders has long been recognized. There must, of course, be a change of circumstances in existence not contemplated at the time of the original order.

"A change of circumstances as to needs and ability to pay is most likely to be the basis of a request for modification, as opposed to inadvertence, mistake, newly discovered evidence, fraud, or neglect, existing at the time of the original judgment. It would be extremely unusual for a Rule 60(B) motion to be appropriate in a request for change in child support orders. An attempt to eliminate arrearages in child support, not normally modifiable, might be attempted by a Rule 60(B) motion. However, this procedure vacates the judgment as opposed to modifying the existing judgment." Baldwin's Ohio Domestic Relations Law (1987) 445–446, Section T 47.03.

■ We agree with appellant that where, as in the case at bar, the preeminent allegation was fraud on the part of appellant in obtaining a dissolution agreement regarding child support, a Civ.R. 60(B) motion for relief from judgment is the preferable method of obtaining relief. *Id.* However, in appellee's posthearing memoranda, she explicitly requested that the court consider the fraud allegation as either a change of circumstances to support modification *or* "alternative * * * relief." The trial court's entry does not explicitly state whether it treated appellee's motion as one for modification or for relief from judgment. A trial court possesses discretion to treat a modification motion as a Civ.R. 60(B) motion for relief from judgment. See, *e.g., Trusso v. Trusso* (June 20, 1991), Cuyahoga App. No. 58706, unreported, 1991 WL 118000; *Hayden v. Kata* (Mar. 30, 1990), Mahoning App. No. 89 C.A. 51, unreported, 1990 WL 36702. Moreover, trial courts may vacate only a portion of a domestic relations decree pursuant to Civ.R. 60(B) rather than vacate the entire decree. *Good v. Good* (June 27, 1988), Knox App. No. 88–CA–000002, unreported, 1988 WL 70893 (affirmed vacation of limitation on alimony obtained by fraud on the part of obligor made in context of a divorce decree and modification of alimony resulting in an increase); cf. *Bourque v. Bourque* (1986), 34 Ohio App.3d 284, 518 N.E.2d 49. Accordingly, we initially review the trial court's entry on the basis that it treated appellee's motion as a Civ.R. 60(B) motion for relief from judgment.

■ In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate (1) a meritorious claim or defense, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. *Buckeye Fed. S. & L. Assn. v. Gurlinger* (1991), 62 Ohio St.3d 312, 314, 581 N.E.2d 1352, 1354; *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 406, 453 N.E.2d 648, 650. The question of whether relief should be granted is addressed to the sound discretion of the trial court and its determination should be reversed only upon a showing of an abuse of such discretion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20–21, 520 N.E.2d 564, 566–567; *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1124. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Wilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624.

Civ.R. 60(B)(3) provides for relief on the basis of fraud. In the instant case, the motion was filed within the one-year limitation specified in Civ.R. 60(B). Moreover, despite appellant's contentions to the contrary, the trial court had sufficient evidence before it to support its finding that appellant had fraudulently misrepresented his actual annual gross income. Appellant admitted signing the May 1990 child support worksheet wherein he listed his annual gross income as $16,800. At that time, appellant was actually making anywhere from $28,000 to $29,500 per year and had been at that salary the previous year. Appellee testified that although she had agreed to have appellant pay $67.50 per child per month less than the May 1990 worksheet amount, she would not have agreed to the $100 per child per month support figure if appellant had accurately listed his actual income on the worksheet. In effect, the trial court vacated that portion of the decree relating to agreed child support on the basis of fraud and reformed their agreement to reflect the amount that the agreed child support would have been if appellant had not committed fraud by misrepresenting his annual income. See, *e.g., Gross v. Gross* (Apr. 28, 1987), Greene App. No. 86–CA–51, unreported, 1987 WL 10641, where the Second Appellate District affirmed a trial court's vacation of a child support order on the basis of fraud pursuant to Civ.R. 60(B)(3), because the obligor had misrepresented his employment situation, and the trial court increased the support order. Based upon the foregoing, we are unpersuaded that the trial court abused its discretion by granting what was in effect Civ.R. 60(B)(3) relief from the child support portion of the dissolution decree and entering an order reflecting the child support amount that would have been entered in the absence of appellant's fraud.

Assuming, *arguendo,* that the trial court could not treat appellee's motion as a Civ.R. 60(B)(3) motion for relief from judgment, the same standard of review, abuse of discretion, would apply. See, generally, *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030; *Zigmont v. Toto* (Jan. 16, 1992), Cuyahoga App. No. 62149, unreported, 1992 WL 6034. Modification of an award of child support normally requires a two-step determination: (1) a determination whether there has been a change of circumstances; and (2), if so, a redetermination of the amount of child support by applying R.C. 3109.05(A). *Linehan v. Linehan* (1986), 34 Ohio App.3d 124, 126, 517 N.E.2d 967, 969; *Cheek v. Cheek* (1982), 2 Ohio App.3d 86, 2 OBR 95, 440 N.E.2d 831. Appellant contends that there were no changed circumstances from the time of the dissolution decree because "the parties contemplated that the financial conditions and obligations of the parties would remain substantially the same."

 The general rule is that the changed circumstances relied upon to obtain modification of the support order must not have been within the knowledge or contemplation of the court when the decree was entered, and must be substantial. Baldwin's Ohio Domestic Relations Law (1987) 505, Section T 51.04. Here, neither the court nor appellee knew that appellant's actual annual income was approximately $28,000 to $29,500 instead of the $16,800 he claimed on the May 1990 worksheet. Accordingly, the trial court would not have erred in finding that appellant's fraud constituted a sufficient change in circumstances to modify the original support order. See, e.g., *Johnson v. Webber* (Dec. 17, 1990), Clermont App. No. CA90-05-041, unreported, 1990 WL 208902, where the Twelfth Appellate District cited an earlier case for the proposition that discovery of fraud subsequent to a dissolution decree constituted a change of circumstances sufficient to justify modification of a child support order.[2]

Therefore, under either a Civ.R. 60(B)(3) or a child support modification rationale, the trial court did not abuse its discretion in vacating the original support order of $100 per child per month and ordering appellant to pay child support of $207.45 per child per month (*i.e.*, the correctly calculated amount minus the $67.50 deficit that appellee had agreed to) on the basis of appellant's fraudulent misrepresentation of his actual income. Appellant's first and second assignments of error are overruled.

 Appellant's third assignment of error asserts that the trial court erred in determining that child support arrearage be calculated from the date of the original dissolution decree rather than the date of the court's decision or the date of the filing of appellee's motion. An order for increased child support is usually effective from the date of the filing of the motion to modify rather than from the date of the decree, because any other holding could produce an inequitable result in view of the substantial time it frequently

---

2. Both the dissolution decree and the entry appealed in the case at bar were entered after Ohio enacted the statutory child support guidelines. R.C. 3113.215. As noted in *In re Dissolution of Marriage of Lazor* (1991), 59 Ohio St.3d 201, 203, 572 N.E.2d 66, 69, at fn. 5, although parties may "agree" to a lower amount, they must calculate the statutory amount and justify any deviation by the factors listed in R.C. 3109.05 and 3113.215. Further, the trial court must enter its findings in this regard. R.C. 3113.215(B)(1)(a). Although the trial court arguably incorrectly relied solely on the fact that the parties "agreed" to a lower amount to justify the $67.50 deviation from the statutory guidelines, see, *Lazor, supra,* and further arguably failed to comply with R.C. 3113.215(B)(1)(a) in not specifying any of the relevant factors justifying deviation, this is not the subject of any assignment of error on appeal. Additionally, even if fraud would not have constituted a substantial change of circumstances sufficient to support modification, the ten percent deviation of the original $100 per child per month order from the statutory guidelines would have. See *Collins v. Collins* (Mar. 20, 1992), Pickaway App. No. 91CA11, 1992 WL 56777 (Harsha, J., dissenting); R.C. 3113.215(B)(4).

takes to dispose of motions to modify child support obligations. *Murphy v. Murphy* (1984), 13 Ohio App.3d 388, 13 OBR 471, 469 N.E.2d 564; see, also, *McPherson v. McPherson* (1950), 153 Ohio St. 82, 41 O.O. 151, 90 N.E.2d 675, syllabus, holding that accrued and unpaid support payments are not retroactively modifiable; R.C. 3113.21(M)(3) and (4).

However, courts have recognized extreme circumstances in which equitable considerations permit retroactive modification prior to the date of the motion. See, generally, Baldwin's Ohio Domestic Relations Law (1987) 514–515, Section T 51.06. In *Caldwell v. Fletcher* (Tenn.App.1989), unreported, 1989 WL 1229, the court noted that fraud was one extreme circumstance justifying retroactive modification of child support. In the case at bar, there is evidence to support the trial court's conclusion that appellant committed fraud. Moreover, there is evidence to support the trial court's further conclusion that absent such fraud, the dissolution decree would have contained a support figure of $207.45 rather than $100 per child per month. Therefore, if we were to hold that the trial court could retroactively order this support figure only to the date of appellee's motion, appellant would still retain the benefits of the fraud he perpetrated upon appellee and the court between the dates of the dissolution decree and appellee's motion. Such an anomalous result will not be sanctioned by this court. Under these limited circumstances, the trial court did not err in its order. Moreover, assuming that the trial court vacated the support order pursuant to Civ.R. 60(B)(3), it was utilizing its inherent powers to remedy a fraud rather than merely asserting its modification jurisdiction. Accordingly, for all of the foregoing reasons, appellant's third assignment of error is overruled, and the judgment of the trial court is affirmed.[3]

*Judgment affirmed.*

STEPHENSON, P.J., concurs.

GREY, J., concurs in judgment only.

---

**3.** Appellant contends that there was no evidence to support the trial court's finding of fraud, particularly where it was apparent that the "parties agreed to deviate from the worksheet and said agreement was approved by the court" and appellant "assumed other financial responsibility in lieu of and as a form of in-kind child support." However, if the parties had really intended to treat the payments of, *e.g.,* half of the mortgage and half of the children's "extra-activity" expenses as child support, they should have (1) listed appellant's actual income, (2) calculated support based on that income based on the guidelines, and (3) specified in the agreement that due to appellant's assumption of other marital expenses, they were deviating from the guidelines. Such deviation would ultimately need to be approved by the trial court. R.C. 3113.215(B)(1)(a). In the case at bar, there was no evidence adduced at the post-dissolution hearing that the expenses assumed by appellant were necessarily "in-kind child support." However, there was evidence that indicated that appellant had defrauded both appellee and the trial court by deliberately understating his annual gross income on the child support worksheet.