DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entry of the Lawrence County Court of Common Pleas establishing child support arrearage in a post-dissolution dispute.
Teresa Hyder and Cornell Hyder married in 1979 and had two children. After the parties separated sometime in 1994, Cornell Hyder (appellee) moved from Ohio to Tennessee and started working for a trucking company. Teresa Hyder filed for a divorce in the Lawrence County, Ohio Court of Common Pleas and was granted an uncontested divorce in February 1995. Based on financial information provided by Teresa Hyder, the court ordered appellee to pay child support in the sum of $180.00 per week plus poundage. In March 1995, the Lawrence County Child Support Enforcement Agency (LCCSEA) initiated enforcement of the Ohio child support order through the Uniform Reciprocal Enforcement of Support Act (URESA) with appellee's home county in Tennessee. Appellant appeared in court in Tennessee and supplied that court with income information, which the Tennessee court apparently used to reduce appellee's child support obligation from $180.00 per week to $143.00 per week. In January 1999, the Tennessee court further reduced the appellee's obligation to $108.00 per week. In June 1999, it found appellee in arrears of his support obligation in the amount of $6,204.00 and ordered him to pay an additional $42.00 per week towards the arrearage.
In March 2000, the LCCSEA (appellant) filed a motion with the trial court requesting: 1) a determination of which court's order, e.g. Tennessee or Ohio, was controlling; and 2) a determination of the arrearage. Based on the Ohio order, the LCCSEA claimed arrearage of approximately $25,960.00. The trial court ultimately found that the Ohio order was controlling since the Tennessee court did not have jurisdiction to modify the original order under the statutory scheme for interstate child support enforcement in effect at the time. However, the trial court did not award the amount of arrearage claimed by LCCSEA. Instead, based on appellee's W-2 forms and income tax returns for 1994 and 1995, the court adopted a magistrate's findings reducing appellee's original child support obligations under the Ohio order and awarding arrearage in the amount of $4,907.55. In its entry, the trial court reasoned that it had the inherent power under Civ.R. 60(B) to grant equitable relief from the original judgment. Appellant filed a timely notice of appeal raising the following assignment of error:
 THE TRIAL COURT'S [SIC] ERRED IN RETROACTIVELY MODIFYING DEFENDANT'S CHILD SUPPORT OBLIGATION UNDER RULE 60(B) AND SUCH MODIFICATION WAS CONTRARY TO OHIO REVISED CODE, SECTION 3113.21(M)(3).
Appellant argues that the trial court did not have authority to grant Civ.R. 60(B) relief without a motion being filed by a party. We agree that a trial court does not have authority to vacate its own judgmentsua sponte. See Brown v. Gallia County Bureau of Vital Statistics(Nov. 26, 1996), Gallia App. No. 96CA3, unreported (Civ.R. 60(B) is the exclusive procedure to be followed and the grounds which must be present in order to properly vacate a judgment * * * a trial court has no authority to sua sponte vacate its own prior orders). However, in Osbornev. Osborne (1992), 81 Ohio App.3d 666, we held that a trial court possessed discretion to treat a motion to modify child support as a Civ.R. 60(B) motion for relief from judgment and to vacate an original child support order based on fraud, even though the appellee had not filed a specific motion under Civ.R. 60(B). In Osborne, the ex-wife filed a motion to increase child support retroactive to the date of dissolution based on allegations that the ex-husband had fraudulently misrepresented his income at that time. The motion requested modification or "`alternative * * * relief.'" Id. The trial court determined that there was fraud and granted the ex-wife's motion to increase child support, making the increase retroactive to the date of dissolution. The trial court failed to indicate its basis for the retroactive increase, thus we analyzed the trial court's decision both as a modification, and as Civ.R. 60(B) relief from judgment. As we indicated in Osborne, under unique circumstances a trial court has the discretion to treat a motion to modify child support as a Civ.R. 60(B) motion for relief from judgment.
In this case, appellee did not file a motion or verbally request the trial court to consider a Civ.R. 60(B) motion for relief from judgment. However, appellant itself initiated the action to determine which order was in effect and the proper amount of child support owed by the appellee. Furthermore, it concedes in its brief that appellee was in effect asking the court to retroactively modify the Ohio support order to the amount used by the Tennessee court. Thus, the trial court was faced with an issue similar to the one in Osborne. Appellant asked the court to decide which order applied and how much arrearage existed. Appellee was asking the court to modify the original Ohio order that was based on erroneous income calculations. Faced with these facts, the trial court had inherent authority to treat the proceedings as a Civ.R. 60(B) motion for relief from judgment, and vacate the original Ohio child support order. Osborne, supra. The trial court did not abuse its discretion in this regard. Furthermore, appellant was not denied notice and opportunity to be heard on the issues forming the basis for Civ.R. 60(B) relief.
Next, appellant argues that the trial court was barred by the provisions found in R.C. 3113.21(M)(3) and (4) from retroactively modifying the original Ohio child support order. R.C. 3113.21(M) states, in part:
 (3) Except as provided in division (M)(4) of this section, a court may not retroactively modify an obligor's duty to pay a delinquent support payment.
 (4) A court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered.[1]
R.C. 3113.21(M)(4) prohibits a court from retroactively modifying an obligor's duty to pay a previously adjudicated arrearage beyond the date of the filing of the motion. See Gerlach v. Gerlach (1997),124 Ohio App.3d 246, and Archer v. Archer (Sept. 24, 1997), Pickaway App. No. 96CA37, unreported ("[I]f a court determines that a support order should be modified, it can only make the modification order effective from the date the motion for modification was filed.").
The trial court considered the proceedings as a Civ.R. 60(B) request for relief from judgment citing Osborne, supra, for the principle that it had inherent power to grant equitable relief concerning the original order. Appellant argues that by doing this the trial court improperly avoided the provisions in R.C. 3113.21(M)(3) and (4). We disagree. Under limited circumstances, Civ.R. 60(B) is available to eliminate arrearages based on a child support order that may not otherwise be modifiable.Osborne, supra. A grant of Civ.R. 60(B) relief does not violate the provisions in R.C. 3113.21(M)(3) and (4) since, as stated in Osborne, the procedure vacates the judgment as opposed to modifying the existing judgment. Here, the trial court vacated that portion of the decree relating to child support and entered a new judgment that accurately reflected the appellant's income at the time of the original order. As previously discussed, the trial court did not err by treating the proceedings as a Civ.R. 60(B) motion in accordance with our decision inOsborne. Thus, we find that the trial court did not violate the provisions in R.C. 3113.21(M)(3) and (4) by vacating the original Ohio order, and making the new order retroactive to the date of the original decree.
Finally, appellant argues that appellee failed to meet the standard for granting Civ.R. 60(B) relief. In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: 1) a meritorious claim or defense; 2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) timeliness of the motion. Buckeye Fed. S. L. Assn. v. Gurlinger (1991), 62 Ohio St.3d 312,314; GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. Svoboda v.Brunswick (1983), 6 Ohio St.3d 348, 351. The question of whether relief should be granted is addressed to the sound discretion of the trial court and its determination should be reversed only upon a showing of an abuse of such discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20-21; and Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blackmore v. Blackmore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court is not free to substitute its judgment; but rather, it must be guided by the presumption that the findings of the trial court are correct. In re Jane Doe 1 (1991), 57 Ohio St.3d 135.
This case presented a "meritorious claim" in that the original child support calculations were incorrect and were based upon inaccurate information supplied by the appellant. Contrary to appellant's assertion, the record shows that the parties litigated the issue created by the discrepancies in the income information used by the courts. A magistrate held two separate hearings on the issue, one in May 2000 and another in August 2000. The magistrate concluded that the calculations in the original Ohio child support order were erroneous. The trial court did not abuse its discretion by finding that appellee had demonstrated a "meritorious claim" for relief.
Next, the trial court relied on Civ.R. 60(B)(5) as grounds for relief. The trial court wrote:
 "Defendant is entitled to relief under the grounds stated in Civ.R. 60(B)(5). * * * Defendant's grounds for relief do not fall under the provisions of Civ.R. 60(B)(1), (2), or (3). The closest of those grounds to the case at bar is Civ.R. 60(B)(1), specifically either mistake or excusable neglect. However, this situation surpasses those grounds. While it is true that Defendant took no action in the case in Ohio, that the Ohio order was based on an inaccurate calculation of income, and that Defendant pursued his defenses in the wrong forum, these errors did not result from neglect or mistake. Rather, they are the products of the confusing and contradictory system for interstate enforcement of child support orders in place during the earlier phase of this action.
* * *
Hence Defendant's predicament. After several years of motions and court appearances to obtain ostensibly legitimate modifications of his child support obligations, Defendant discovers he is still charged with the original obligation in a foreign forum. Upon registration of this court's order in Tennessee, the Tennessee court immediately assumed modification jurisdiction. In the five years since registration, the Tennessee court had heard and granted motions for reduction, calculated arrearage, and ordered additional payments. Defendant has relied on the authority the Tennessee court asserted in granting the modifications. This court's docket reflects no activity in this forum between March 9, 1995, and March 20, 2000. Defendant reasonably believed the modifications he obtained were effective, particularly in the absence of any further activity in the Ohio case to reassert the Ohio order. Now that Defendant has diligently pursued his remedies in a forum which freely exercised jurisdiction without challenge from this forum for several years, it would be inequitable to hold Defendant bound by the original Ohio order as though Defendant had never attempted to modify his obligation.
 The Ohio child support order was imposed in Defendant's absence and with questionable personal jurisdiction of Defendant. Defendant was served by certified mail in Tennessee. Defendant did not appear in Ohio, and his support obligation was calculated solely on the basis of documents provided by Plaintiff. In making its determination of Defendant's obligation, the Tennessee court had the advantages of Defendant's testimony and records of Defendant's actual income, factors this court did not have at its disposal in entering its order. In light of that evidence, the Tennessee court twice determined that the amount set in the Ohio order was excessive and reduced Defendant's obligation. Equity requires vacation of the support order entered in Ohio without accurate information regarding Defendant's income and entry of a new order with an appropriate calculation of Defendant's obligation effective from the time the original order was entered.
Therefore, grounds exist to grant equitable relief from the unjust operation of that judgment."
Civ.R. 60(B)(5) reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. In re Dissolution ofMarriage of Watson (1983), 13 Ohio App.3d 344. Civ.R. 60(B)(5) provides that relief from judgment may be granted for "any other reason" justifying relief beyond those reasons specified in Civ.R. 60(B)(1)-(4). This provision is only to be used in an extraordinary and unusual case when the interests of justice warrants it. Meadows v. Meadows (June 20, 1997), Scioto App. No. 96CA2436, unreported (Stephenson, J, concurring).
Appellant argues that the trial court improperly used Civ.R. 60(B)(5) as a substitute for the more specific provisions for mistake under Civ.R. 60(B)(1) and/or misrepresentation under Civ.R. 60(B)(3), and that Civ.R. 60(B) relief is otherwise untimely. However, we do not believe that the trial court abused its discretion in applying Civ.R. 60(B)(5). This is an extraordinary and unusual case that encompasses more than garden-variety mistake or misrepresentation. There are other equitable considerations that come into play that differentiate it. For instance, there is the doctrine of estoppel by laches that precludes a party from claiming a right when the party has unreasonably delayed asserting the right to the material detriment of the adverse party. See, generally,Heimberger v. Heimberger (Dec. 31, 1986), Cuyahoga App. No. 51407, unreported. As the trial court wrote in its entry, the appellee in this case reasonably relied on the Tennessee court orders to modify his child support obligations. There is no indication that appellant challenged the Tennessee court's jurisdiction to modify the original Ohio order until it filed the motion initiating these proceedings in March 2000, more than 5 years after the original order was sent to Tennessee for enforcement. We agree with the trial court that these considerations elevate this case beyond the typical case of mistake or misrepresentation, and thus justify use of Civ.R. 60(B)(5) as a basis to vacate the original Ohio child support order. Accordingly, we conclude that the trial court did not abuse its discretion in applying the "catch all" provision of Civ.R. 60(B)(5).
Furthermore, we agree with the trial court that Civ.R. 60(B)(5) relief was timely in this case. Civ.R. 60(B)(5) relief must be considered within a reasonable time. Appellant argues that a 5-year delay is not a reasonable time. However, given the unique circumstances that caused the 5-year delay, we cannot say that the trial court abused its discretion in finding that Civ.R. 60(B)(5) relief was timely.
For all the foregoing reasons, the appellant's sole assignment of error is overruled. The trial court's judgment is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Domestic Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
 _________________________________ William H. Harsha, Judge.
Abele, P.J. Kline, J. Concur in Judgment and Opinion.
[1] R.C. 3113.21 was repealed effective March 3, 2001; however, it was in effect at the time of the trial courts entry on December 14, 2000.