OPINION
Defendant-appellant Abbas Shabani appeals the decision of the Columbiana County Common Pleas Court, Domestic Relations Division, which retroactively increased his nondelinquent child support obligation to the date that he obtained employment. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE
Mr. Shabani and plaintiff-appellee Mehrafrooz Hakhamaneshi were divorced pursuant to the trial court's June 12, 1996 judgment entry. This entry adopted the parties stipulations that the parties had a severely handicapped daughter, that Ms. Hakhamaneshi would be the residential parent, that Mr. Shabani was collecting unemployment in the amount of $17,056 per year, that a withholding order on the unemployment compensation was in effect, and that child support would be $275.23 per month until a material change in circumstances occurred.
On November 1, 1996, Mr. Shabani began employment at Elkem Metals Company. Apparently, he did not report his change in employment status and new employer's name and address to the Child Support Enforcement Agency (CSEA). In March 1999, Ms. Hakhamaneshi sent an affidavit to CSEA requesting modification of child support. CSEA then received income information from Elkem Metals, which confirmed Mr. Shabani's start date and revealed that he made approximately $59,000 in 1997 and $63,000 in 1998. In June 1999, CSEA sent an income withholding order to Elkem Metals in the prior court-ordered amount of $275.23 per month.
An administrative hearing was held on July 14, 1999. Thereafter, the hearing officer recommended an increase in Mr. Shabani's child support obligation to $680.09 retroactive to May 1, 1999. The hearing officer also recommended that Mr. Shabani pay $68.01 per month to satisfy the arrearage. (As there is no mention of delinquent support, it appears that any arrearage exists only as a result of the eleven-week retroactive increase in child support).
Mr. Shabani filed an objection to this administrative recommendation and thus sought court review. Both parties appeared with counsel for a hearing before a court magistrate. The magistrate's November 30, 1999 decision ordered child support to $684 per month, retroactive to November 1, 1996. The magistrate justified this retroactive increase by finding extreme circumstances in that appellant intentionally failed to report his new employment. This retroactivity resulted in an arrearage of approximately $13,000.
Mr. Shabani objected to the magistrate's decision. The parties stipulated that the trial court would decide the matter based on the file and the parties' briefs. On May 23, 2000, the trial court affirmed the magistrate's decision as to the increase in child support to $684 retroactive to November 1, 1996 and ordered Mr. Shabani to pay $100 per month towards the arrearage. Mr. Shabani (hereinafter appellant) filed timely notice of appeal.
 ARGUMENTS
Appellant does not contest the increase in the amount of his child support obligation. Rather, he contests the extent of its retroactivity. Specifically, he believes that his child support increase should only be retroactive to the date that the modification process began and not to the date that he gained employment. In making this argument, appellant sets forth the following two assignments of error:
 "THE COURT HAS NO AUTHORITY TO RETROACTIVELY MODIFY CHILD SUPPORT, WHICH HAS ALREADY BEEN PAID BY THE APPELLANT."
 "EVEN IF THE COURT HAS AUTHORITY TO RETROACTIVELY MODIFY SUPPORT, THERE WAS NO BASIS FOR RETROACTIVE MODIFICATION IN THIS CASE."
Appellant supports his argument by citing R.C. 3113.21(M), which provides in pertinent part:
 "(3) Except as provided in division (M)(4) of this section, a court may not retroactively modify an obligor's duty to pay a delinquent support payment.
 (4) A court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the support order has been given * * *."
In other words, this statute provides that a court's modification of a delinquent support obligation may only be made retroactive to the date that the obligor was given notice that a petition to modify has been filed.
Appellant reasons that if a court cannot retroactively modify a delinquent child support payment, then it is only logical to hold that a court cannot retroactively modify, by increasing, a child support payment that has been timely made. He cites Pacurar v. Pacurar (Mar. 23, 1999), Mahoning App. No. 97CA194, unreported, where we held under R.C.3113.21(M)(4) that the date a modification motion is filed represents the "starting point" for retroactivity.
Appellee counters that in extreme and limited circumstances, the court is permitted to retroactively modify child support to a date prior to the filing of a modification motion. For instance, in Osborne v. Osborne
(1992), 81 Ohio App.3d 666, the Fourth District stated that where the husband engaged in fraud, by falsifying his income at the dissolution hearing, the court could later retroactively increase child support to the date of the original dissolution hearing. Id. at 673.
Appellant responds by noting that he did not actively misrepresent his status and did nothing wrong at the time of the issuance of the child support order as did the husband in Osborne. Appellee opines that appellant's failure to report his employment status constitutes evidence of fraud or deceit which would justify retroactive modification to the date that appellant gained employment at Elkem Metals.
 PROCEDURE
CSEA may review a child support order periodically, after a request from the obligor, or as in the case at bar, after a request from the obligee. R.C. 3113.216(C)(1) (as existing at the time of this case). If CSEA plans to review a child support order, it must establish a date certain upon which the review will formally begin and send the parties a sixty-day notice before conducting this formal review. R.C.3113.216(C)(1)(a) and (b). On the established date certain, CSEA shall perform calculations on a revised amount of child support. R.C.3113.216(C)(3)(a).
If either party so requests, an administrative hearing is held on the revised amount. R.C. 3113.216(C)(3)(c). After the requested administrative hearing is conducted to review the revised amount, either party can request a court hearing on the revised amount contained in the hearing officer's order. R.C. 3113.21(C)(1)(c)(I) and R.C.3113.216(C)(3)(d)(ii).
After the requested court hearing, the court determines the correct amount of revised child support. R.C. 3113.21(C)(1)(c) (ii). Relevant to this procedure is a passage which states that when the court modifies the prior order of child support:
 "the modification shall relate back to the first day of the month following the date certain on which the review of the child support order began pursuant to division (C)(1)(a) of section 3113.216
of the Revised Code." R.C. 3113.21(C)(1)(f).
Reading the plain language of this section alone, it appears that the court was required to make the child support modification retroactive to the month after the date certain established by CSEA. Cf. Pacurar, supra
(which relates to a support modification motion which is originally filed in the court and thus uses the date the motion was filed as the starting point for retroactivity rather than an administrative review performed by CSEA as in the case at bar; either way, the starting point places emphasis on notice to obligor that modification is possible). It further appears that the administrative hearing officer was following this rule when she ordered the increase retroactive to May 1, 1999. Nonetheless, the magistrate and trial court ordered the increase retroactive to November 1, 1996, the date of appellant's reemployment.
 CASE LAW
Generally, the Second District allows retroactive child support increases under certain circumstances. See, e.g., Leffel v. Leffel (Oct. 24, 1997), Clark App. No. 97CA20, unreported, 6 (noting that "Equity cannot sanction a party reaping the benefits of his own scheme to defraud the court and thereby avoid obligations under the law."); Balazs v.Balasz (Aug. 15, 1997), Montgomery App. No. 16096, unreported, 2-3 (where the Second District allowed retroactive modification to the date of reemployment where husband failed to notify the court of his return to work despite being under court order to do so). See, also, Jackson v.Jackson (2000), 137 Ohio App.3d 782, 801 (stating that the court could not retroactively modify child support to a date before the modification motion was filed absent circumstances such as fraud or concealing assets).
The Ninth Appellate District also allows retroactive modification of child support to the date that coincides with the changed circumstances. That district reasons that R.C. 3113.21 (M)(4), which only allows a court to retroactively modify to the date of the motion, applies to delinquent support payments and thus the court could retroactively modify nondelinquent payments to a date before the date of the motion. Spranklev. Sprankle (Mar. 25, 1998), Medina App. No. 2678-M, unreported, 3. See, also, Schrader v. Schrader (Sept. 29, 1999), Medina App. No. 2899-M, unreported, 3. These case are distinguishable because although R.C.3113.21(M)(4) mentions only delinquent support as not being subject to retroactive modification; R.C. 3113.21(C)(1)(f) does not limit the retroactive limit to delinquent obligations. The Twelfth District has also favorably cited cases that allow retroactive increase in child support to a date prior to the date that the motion to modify was filed.Unger v. Unger (Apr. 12, 1999), Brown App. No. CA98-02-003, unreported, 4.
 ANALYSIS
None of the above cited cases were decided under R.C. 3113.21 (C)(1)(f) as they were not the result of administrative reviews. Nevertheless, in either type of case origination, it is reasonable to assume that one of the main reasons that an obligee asks CSEA or the court to revise the amount of child support is that the obligee suspects that the obligor's income has risen. Yet, the legislature made no explicit exception to the retroactive bar for those who fail to report a change in employment status.
However, an exception to the rule in R.C. 3113.21(C)(1)(f) [i.e., that child support modifications shall be retroactive only to the first day of the month following the date the review began] is implicit in various enforcement statutes. For instance, the obligor is required to report changes in employment status or source of income or the status of assets upon which a withholding has been imposed. See, e.g., R.C. 3111.23(B)(1)(c); 3113.21(A)(2) and (D)(1)(c). Moreover, the notice that requires the obligor to disclose any change in employment status is final and enforceable by the court. See, e.g., R.C. 3113.21(A)(2) and (3)(a); 3121.33.
In cases where the obligor is unemployed and collecting unemployment at the time child support was calculated and where he later obtains substantial employment, the court may be permitted to enforce the notice that requires the obligor to report change in employment status by making any child support increase retroactive to the date that he was reemployed.[1] Appellant specifically stipulated that due to his temporary state of unemployment, the amount of child support "shall remain in effect until there has been a material change in the circumstances of the parties." The court adopted this stipulation in its June 12, 1996 divorce decree. Going from unemployed and making $17,000 per year in unemployment compensation to being employed full-time and making around $60,000 per year is a material change in circumstances for purposes of the language of the divorce decree. As the trial court found, it was appellant's failure to report reemployment that prohibited CSEA and the court from conducting a review earlier. As appellee points out, appellant's unemployment at the time of the original order of child support was temporary and an increase or at least a review upon reemployment was expressly anticipated and conceded by appellant.
Accordingly, the stipulation and decree combined with appellant's statutory obligation to reveal his change in employment status from unemployed to employed and the court's power to enforce this obligation justify our pronouncement that a statutorily implicit exception to the ban on retroactive increases in child support is warranted in the case at bar.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
WAITE, J. and DeGENARO, J., concurs.
[1] We note that this is a change in employment status case which has nothing to do with reporting changes in income, as the statute requires disclosure of employment status or income source but not changes in amount of income. See In re Kelley (Dec. 15, 2000), Champaign App. No. 2000CA14, unreported, 2.