OPINION
Lee Surface is appealing from the November 7, 2001, judgment entry of the Common Pleas Court of Clark County which adopted a July 10, 2001, decision of a magistrate which fixed the appellant's support obligations for his minor child, Allyson Kennedy, and made them retroactive back to June 22, 1998, the date of the hearing on Surface's complaint seeking,inter alia, the establishment of the appropriate amount of child support.
The magistrate in its July 10, 2001, decision stated: "Mr. Surface has filed many, many pleadings, motions and documents in this case since its inception. In an effort to avoid as much confusion as possible, it appears appropriate to the court to review the tortured course which the effort to calculate child support has taken in this case." Docket, page 327.
We will not, in the interest of clarity and conciseness, review "the tortured course," of this litigation. We deem it unnecessary to recite all the intermediate actions and decisions, except as we will note subsequently in ruling upon Mr. Surface's assignments of error. We note, however, in the interest of clarity, that the magistrate pointed out in his decision that the named defendant-appellee in this matter is the mother of the child, and that the child has remained in defendant, Marcia L. Grottla-Kennedy's custody, from the inception of the case in 1998 until at least the date of the magistrate's decision.
The trial court, in its final appealable order entered on November 7, 2001, adopted the magistrate's statement of facts, but stated it "wishes to state them in more detail." Docket, page 459. The court then proceeded to recite once again in thorough detail the history of this litigation and concluded near the end of its lengthy opinion that:
 "The court finds that Mr. Surface's actions, since the filing of this case, have been a sham to prevent an increase in the payment of support for his daughter. The Statement of Facts set forth hereinabove reflects his tactic. The record also reflects that he had an agreement with the Defendant to pay $40.00 a week for child support from 1995 until he filed his Complaint in 1998, with the understanding that he would provide a college education for his child. When asked if he had set aside funds for said education, he stated that he had not. $40 per week support for a person who made over $80,000 in 1997 is sufficient notice to the Court for concern. Magistrate Skogstrom's Decision gave him credit for $200 of support payments but did not grant retroactive support for the period prior to the filing date. Thus, the Court concludes that retroactive support is proper in this case where a scheme to avoid paying a fair amount has been thrust upon the Court. Osborne v. Osborne (1992), 81 Ohio App.3d 666, 674.
Docket, pages 444 and 445.
Mr. Surface, acting pro se, filed a brief which violates both App.R. 19, in that it is single spaced, and Loc.R. 2.2(A), being thirty-one single spaced pages which equates to approximately sixty-two pages in violation of our twenty-five page limit without advance approval from this court. His brief is not only prolix, and inordinately long, it is also difficult to extract meaning therefrom. Nevertheless, with the substantial and highly appreciated assistance of Attorney Douglas W. Geyer, who filed the brief on behalf of the appellee, we believe we have been able to glean Mr. Surface's arguments from his brief and will respond to them. Mr. Surface brings us the following six assignments of error:
 1. THE TRIAL COURT BY NOT ENTERING ITS OWN JUDGMENT PER CIV.R. 53; 54 LEFT THE PARTIES AND THE CHILD IN THE POSITION WHERE THEY HAVE TO SEARCH THE RECORD TO ASCERTAIN THEIR RIGHTS, RESPONSIBILITIES, AND TO ESTABLISH THE BENEFITS OF PATERNITY.
 2. THE TRIAL COURT ERRORS [SIC] AS A MATTER OF LAW AND ABUSES ITS DISCRETION BY ASSUMING THE COURT'S ENTRY OF JUNE 29, 1998, IS NOT A FINAL ORDER OF PATERNITY RATHER THAN EXAMINING THE PROCEEDING THAT LED TO THAT ENTRY.
 3. TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO SET FORTH PROVISIONS FOR VISITATION IN A CHILD SUPPORT ORDER.
 4. EVEN IF THE JUNE 29, 1998, SUPPORT ORDER IS A TEMPORARY ORDER, THE TRIAL COURT ERRED AS A MATTER OF LAW, ABUSED ITS DISCRETION, AND RULED CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE BY DISTINGUISHING JACKSON V. JACKSON 739 N.E. 1203 (Ohio App.2 Dist. 2000) and DRUMM V. DRUMM 1999 WL 198120 (Ohio App. 2d Dist.)
 5. TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S SHARED PARENTING REQUEST AND PLAN WITHOUT ANY SUGGESTION OR OPPORTUNITY TO FILE AN AMENDED PLAN.
 6. TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT REFUSED TO ACCEPT APPELLANT'S CIV.R. 36 REQUESTS FOR ADMISSION INTO EVIDENCE.
We note first that our standard of review of a child support decision is abuse of discretion. Fitzgerald v. Fitzgerald (Jan. 24, 1997), Montgomery App. No. 15982, unreported, citing Booth v. Booth (1989),44 Ohio St.3d 142.
In his first three assignments of error, Mr. Surface seems to be arguing that the judgment entry filed on November 7, 2001, is not a final appealable order, because it did not rule on the issues of paternity or visitation. Those matters, however, were resolved long before the court's final order. The appellant acknowledged being the biological father of the child in the hearing held before a magistrate on June 22, 1998, and the magistrate's decision, filed June 29, 1998, made the determination that appellant was the father of Allyson Kennedy, and this decision was not appealed.
The visitation issue was determined by a magistrate on October 24, 2000, and that issue likewise was not appealed.
In his fourth assignment of error, appellant seems to be arguing that the support order cannot be made retroactive to June 22, 1998, which was the day the first hearing was held regarding the appropriate amount of child support. This court has held that the effective date for modified child support should be retroactive to the date the modification was requested. Elsass v. Elsass (Dec. 29, 1993), Greene App. No. 93-CA-0005 and 93-CA-0016, unreported. In this case before us, the magistrate found on July 10, 2001, that the child support obligation was effective June 22, 1998, and found that there was a change in circumstances in the year 2000 which necessitated a modification of support and a further change in circumstances in 2001, such changes being the differences in appellant's income over the last three years. The magistrate's decision, approved and adopted by the trial court, was not an abuse of discretion, nor is it error.
In his fifth assignment of error, the appellant apparently argues that the denial of his previously proposed shared parenting plan was an error. In an entry filed on May 24, 1999, a magistrate denied appellant's proposed shared parenting plan, finding it was not in the best interest of the child. Appellant did not file any objection to that decision, and his appeal time has long expired.
In his sixth and final assignment of error, the appellant is arguing that the denial of his requested admissions was in error. On June 9, 2000, the appellant delivered to the attorney for appellee twenty-nine requests for admissions. We find that the requested admissions asked not for certain facts but for legal conclusions, all of which items are actually covered in the Ohio Child Support Guidelines adopted by the General Assembly. The Common Pleas Court found appellant's request for admissions unreasonable and irrelevant at a hearing held on November 17, 2000. We do not find this decision to be an abuse of discretion.
In conclusion, all six of appellant's assignments of error are overruled, and the judgment is affirmed.
FAIN, J. and GRADY, J., concur.