OPINION
{¶ 1} The plaintiff-appellant, Kimberlie R. Hanes (nka Kimberlie R. Gustwiller), appeals from a decision of the Hancock County Court of Common Pleas that affirmed the decision of the magistrate. The magistrate ordered the retroactive modification of defendant-appellee Douglas John Hanes' child support obligation.
 {¶ 2} On February 9, 1998, the Common Pleas Court of Hancock County granted appellant a divorce. Appellant was designated the residential parent of the parties' two minor children, and appellee was ordered to pay child support in the amount of $712.18 per month, plus poundage. This sum was an approximate deviation of $150 per month from the $862.06 per month support obligation under the statutory child support schedules. The deviation was found to be in the children's best interest due to the additional visitation time between the children and appellee.
 {¶ 3} In arriving at the statutory child support figure before the deviation, the trial court relied in part on the child support worksheet which listed appellant's annual expenditure of $6,196 in employment-related daycare expenses, after the mandatory deduction of the tax credit. Appellant explained that the amount used in calculating the support order was derived as an estimate of the average cost of enrolling two children in the full-time daycare program at the YMCA and two other programs.
 {¶ 4} Following the divorce, appellee, who occasionally traveled past appellant's house during the workday lunch hour, often saw the children playing at home during the day. This led appellee to suspect that, through his child support payments, he was subsidizing appellant for childcare expenses she was not incurring.
 {¶ 5} On September 9, 1999, appellee moved the trial court to reallocate certain parental rights and responsibilities. Appellee alleged that the children were never enrolled in a formal daycare program for a significant period of time. According to appellee, appellant utilized family and friends to care for the children while she worked. Further, appellee asserted that from the time of the divorce, appellant's work history was variable with a span of months during which she was not employed and other time periods when she worked part-time. The appellee's motion requested, inter alia, a modification of his child support obligation and that appellant return to appellee the sums which he had paid for child care as part of his support obligation but which were not actually expended for that purpose since the parties' divorce. Hearings on these matters were conducted before the magistrate on April 3, 2000, May 1, 2000 and June 21, 2001. The magistrate issued a decision on January 25, 2002 granting the appellee's motion.
 {¶ 6} On February 6, 2002, appellant moved for an extension of time to file objections to the magistrate's decision. The basis of the request was to obtain the transcript from the three day hearing. The trial court, for good cause shown, allowed appellant fourteen days after the preparation and filing of the transcript to file her objections. Appellant filed her objections to the magistrate's decision on April 22, 2002, raising objections to three specific issues. First, the appellant claimed that the magistrate reached an erroneous conclusion relating to the allocation of child-care expenses. Second, the appellant argued that the magistrate lacked the legal authority to retroactively modify the appellee's child support obligation to the date of divorce. Third, the appellant claimed that the magistrate unreasonably granted the defendant both children as dependents for state and federal income tax purposes. In support of these objections, appellant filed a partial transcript of the hearing held on April 3, 2000, which consisted of her testimony and the testimony of Tammy Balega, a Hancock County Child Support Enforcement Agency caseworker assigned to their case. The testimony of multiple other witnesses was not included in the record.
 {¶ 7} On May 2, 2002, appellee moved the court for an order overruling appellant's objections for the reason that the appellant failed to comply with Loc.R. 2.06(C) by not providing the trial court with a transcript of all proceedings before the magistrate.[1] On June 12, 2002, the trial court found that pursuant to Loc.R. 2.06(C) and Civ.R. 53, appellant was required to file a transcript of all proceedings before the court could entertain her objections. Rather than granting the appellee's request to overrule the objections, the trial court ordered appellant to file a transcript of the three day proceedings on or before June 24, 2002, otherwise the court would grant appellee's motion to overrule appellant's objections to the magistrate's decision. The day after the deadline, appellant requested the court for an additional fourteen days to file the transcripts for the reason that she needed additional time to gather the funds.
 {¶ 8} On July 10, 2002, the trial court issued a decision overruling appellant's request for additional time within which to file a transcript of all proceedings before the magistrate. The court noted that appellant had been granted leave of court on two prior separate occasions to provide such transcripts. Due to the insufficiency of the record provided, the court concluded that the magistrate did not erroneously allocate child-care expenses or unreasonably grant appellee the right to claim the children for income tax purposes. The trial court also found, as a matter of law, that the magistrate did not abuse her discretion in retroactively modifying appellee's child support obligation to the date of the divorce hearing.
 {¶ 9} It is from the trial court's affirmation of the magistrate's recommendation that appellant now appeals, asserting two assignments of error for our review.
ASSIGNMENT OF ERROR NO. I
 The trial court erred as a matter of law when it overruled appellant's objections which were supported by the record and retroactively modified appellee's child support obligation.
 ASSIGNMENT OF ERROR NO. II
 The trial court erred as a matter of law when it denied appellant the ability to supplement the record with the remaining portions of the transcript of proceedings.
 {¶ 10} For purposes of clarity and brevity, we will address appellant's assignments of error together. In her first assignment of error, appellant contends that the trial court erred as a matter of law when it found that the magistrate did not abuse her discretion in retroactively modifying appellee's child support obligation to the date of the divorce hearing.
 {¶ 11} Answering appellant's first assignment of error, in part, requires a transcript of the proceedings before the magistrate. In order for this Court to determine whether the elements of fraud were proven, it would be helpful to have all of the pertinent testimony before us. Here, only a partial transcript was prepared and filed as part of the record in this appeal, as the trial court noted in its order overruling appellant's objections to the magistrate's decision. Appellant has not provided the reviewing courts with a complete transcript of the relevant proceedings before the magistrate as required by Civ.R. 53 and Hancock County Loc.R. 2.06.[2] Civ.R. 53(E)(3)(b) states, in part:
 Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
 {¶ 12} Although appellant's objection to the magistrate's decision was timely, she did not comply with the requirements of Civ.R. 53(E)(3)(b). Appellant submitted only a partial transcript of the proceedings with her objections. Although appellant claimed that she did not have the funds available to provide all of the relevant testimony, she could have provided an affidavit of that evidence at minimum cost. As noted previously, appellant was granted leave of court on two separate occasions to provide complete transcripts of the relevant portions of the three day hearing before the magistrate. Considering the time and delays afforded the appellant to secure a complete transcript, we do not find that the trial court abused its discretion in not allowing appellant additional time.
 {¶ 13} Because appellant failed to comply with the requirements of Civ.R. 53(E)(3)(b), the trial court was required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts.[3] Furthermore, without an adequate record, an appellate court must presume the regularity of the trial court's judgment.[4] The relevant question before this court is whether the trial court erred as a matter of law in determining that the retroactive modification of child support was correct.
 {¶ 14} Under certain circumstances, a trial court may retroactively modify an existing child support order. If the trial court determines that a child support order should be modified, it can make the modification order retroactive to the date the motion for modification was filed.[5] Second, the Fourth District has held that a trial court may retroactively modify an existing child support order, even beyond the date the motion to modify was filed, upon discovering fraud perpetrated by the obligor.[6]
 {¶ 15} In the present case, the trial court retroactively modified the existing child support order upon discovering a fraud perpetrated by appellant, the obligee. The trial court adopted the magistrate's conclusion that a fraud was committed by the inclusion of daycare expenses in the child support calculation worksheet, where the appellant never intended to use formal daycare. Appellant maintains that the record is devoid of evidence which would support the trial court's conclusion. According to appellant, a review of the record and the transcript of appellant's and Hancock County Child Support Enforcement Agency caseworker, Tammy Balega, testimony before the magistrate establish that no fraud occurred. As noted previously, a complete transcript of the hearing before the magistrate is not part of the record on appeal and was not considered by the trial court in its decision. Without a transcript of all of the relevant testimony, we are unable to consider the factual issues raised by appellant.
 {¶ 16} Accepting as true the magistrate's findings of fact as to the existence of the elements of fraud, retroactive modification of the child support order, in this case, is justified.[7] According to the magistrate's decision, absent appellant's submission of fraudulent daycare costs, the child support decree would have contained a support figure of $385.21 per month, plus applicable processing charge, rather than the $712.18 per month appellee had been paying appellant. If we were to restrict the modified support order only to the date of appellee's motion, appellant would retain the benefits of the fraud she perpetrated on appellee and the court between the dates of the filing of the original child support order and appellee's motion. Equity demands otherwise. Thus, we adopt the Fourth District's Osborn decision and hold that a trial court, upon the discovery of fraud perpetrated by a party to an existing child support order, may retroactively modify the order beyond the date the motion to modify was filed.
 {¶ 17} Accordingly, appellant's assignments of error are without merit and are hereby overruled.
 {¶ 18} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and SHAW, J., concur.
[1] Loc.R. 2.06(C) provides: "No objection relating to factual findings unless: 1) a transcript is filed, or 2) a statement that a transcript is being prepared is filed prior to the end of the period for objections to be filed, or any extension thereto.
[2] Loc.R. 2.06(C), supra.
[3] See State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730.
[4] Jones v. Jones, Van Wert App. No. 15-2000-01, 2000-Ohio-1847.
[5] See former R.C. 3113.21(M)(3)(4) and current R.C. 3119.83 and3119.84.
[6] Osborne v. Osborne (1992), 81 Ohio App.3d 666, 674.
[7] See Id.