IN RE DISSOLUTION OF MARRIAGE OF WATSON.

(No. 3527—Decided December 16, 1983.)

*Mr. Frank S. Carlson,* for appellee.
*Ms. Joan M. Burda,* for appellant.

QUILLIN, P.J. Phyllis V. Garcia, defendant-appellant, concealed her pregnancy from her husband, Frank R. Watson, Jr., plaintiff-appellee, and the court at the time of dissolution of the marriage. She now appeals from the trial court's order granting her ex-husband's motion for relief from judgment so that custody orders can be made. We affirm.

### Facts

Frank R. Watson, Jr., and Phyllis V. (Watson) Garcia were granted a dissolution of marriage on June 22, 1979 in Lorain County, Ohio. Custody of the one minor child of the parties was granted to Frank Watson. During the pendency of the proceedings, Garcia was pregnant with a second child; however, it appears that Watson was ignorant of this fact. It is evident that the court was not informed of Garcia's pregnancy.

After the dissolution became final, Garcia moved to Colorado, and there, on October 7, 1979, gave birth to Bradley James Garcia. It is agreed that Watson is the father of the child. Following the birth, Watson went to Colorado and reconciled with his ex-wife. Watson and Garcia returned to Ohio in late October 1979, and resided in this state as husband and wife until they, along with their two children, moved back to Colorado in April 1981. The parties continued to live together in Colorado until June 1982, when Watson and Garcia again separated. In September 1982, Garcia and the child Bradley moved to the state of New Mexico. Shortly thereafter, Watson and the other child returned to Ohio.

On February 17, 1983, Watson brought Bradley to Ohio after having secured Garcia's written consent to a one-month visitation period. Watson failed to return the child to New Mexico at the end of this period. On March 28, 1983, Watson filed a motion under Civ. R. 60(B) asking that the court reopen its judgment of dissolution of marriage so as to make an order providing for the custody and support of the child as well as for the visitation rights of the non-custodial parent. Garcia thereupon obtained Ohio counsel and moved to dismiss Watson's motion.

While these motions were pending, Garcia removed the child from Ohio and returned to Colorado. There, Garcia petitioned the Colorado court for custody of Bradley James. Meanwhile, a hearing was held in Lorain County, Ohio on Watson's motion under Civ. R. 60(B) and Garcia's motion to dismiss. The Ohio trial court found that Garcia's concealed pregnancy and the birth of the child justified the relief sought under Civ. R. 60(B)(5), and granted Watson's motion.

Watson thereafter went to Colorado in order to contest the jurisdiction of the Colorado court. Following a hearing, the Colorado court refused to accept jurisdiction. Garcia then returned to Ohio with the child and filed the within appeal contesting the trial court's decision to reopen the judgment and determine the issues of custody, support and visitation.

### Assignments of Error Nos. I and II

"I. The trial court erred in exercising jurisdiction to decide petitioner-appellee's motion for relief from judgment.

"II. The trial court erred in granting petitioner-appellee's motion for relief from judgment under Civil Rule 60(B)(5) because he failed to demonstrate the timeliness of the action; the grounds upon which he is entitled to relief under Civil Rule 60(B); and a meritorious defense or claim."

Civ. R. 60(B) states in part that:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered

in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"

Civ. R. 60(B) is a remedial rule and should be liberally construed. *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243 [18 O.O.3d 442]. This rule reflects the trial court's inherent power to relieve a party from the unjust operation of a judgment, and absent a clear showing of an abuse of discretion, the trial court's action should not be disturbed by a reviewing court. *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97 [68 O.O.2d 251].

Garcia contends that her ex-husband's motion should have been denied because it did not conform with the requirements for a motion under Civ. R. 60(B). These requirements are set forth in the second paragraph of the syllabus of *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], as follows:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

We believe that the inherent power of a trial court to permit relief in the interest of justice and fairness should not be subordinated to a hypertechnical and rigid construction of Watson's motion. The trial court found that Watson's motion set forth facts which warranted relief under the "catch-all" provision of Civ. R. 60(B)(5). This fifth provision has been narrowly defined and should be granted only in extraordinary situations where the interests of justice demand. *Adomeit* v. *Baltimore, supra,* at 105. The Staff Note to Civ. R. 60(B) states, in part, that:

"The operation of the fifth provision for vacation of a judgment under Rule 60(B) — 'any other reason justifying relief from the judgment' — has been given very sparing application by the federal courts under the similar Federal rule provision. The federal courts have held that the provision may not be used as a substitute for one of the first three grounds for vacation of a judgment after the one-year limitation has run on one of the first three grounds. The grounds for invoking the catch-all provision, not subject to the one-year limitation, should be substantial. Thus a court might utilize the catch-all provision to vacate a judgment vitiated by a fraud upon the court. * * *"

Notwithstanding the strict limitations of the "catch-all" provision, we find substantial grounds for relief under Civ. R. 60(B)(5). Whether characterized as a fraud upon the court (see *Coulson* v. *Coulson* [1983], 5 Ohio St. 3d 12) or whether the unusual circumstances of this case call for relief under the court's inherent power over its own judgments (see *Caruso-Ciresi, Inc.* v. *Lohman* [1983], 5 Ohio St. 3d 64), we conclude that the court committed no abuse of its discretion in finding that Watson's motion set forth grounds for relief under Civ. R. 60(B)(5).

The next issue concerns the timeliness of Watson's motion under Civ. R. 60(B). There is no fixed time period within which a motion for relief under Civ.R. 60(B)(5) must be made. Such a motion must, however, be made within a "reasonable time." The determination as

to what constitutes a "reasonable time" is for the trial court in the exercise of its sound discretion. We cannot say that the trial court abused that discretion by entertaining the motion.

We note that while the time lapse of nearly four years between the court's entry of judgment and Watson's motion for relief is not *per se* unreasonable, there should be substantial and compelling reasons for opening a judgment after such a long period of time. The purpose of the time limitation is two-fold. First, the court has an interest in preserving the finality and sanctity of its duly rendered judgments. Second, the time requirement protects the non-moving party, as well as other persons, from the prejudice caused by opening a judgment after a long delay. Although Watson's diligence in bringing the motion is, at best, questionable, his unexplained failure to file the motion sooner is outweighed in this instance by a further consideration, to wit: the best interest of the child.

Were we faced with protecting only the interest of Watson, we might well hesitate to find that the motion was timely filed. However, Watson's lack of diligence must be weighed against other important interests. Thus, the determination of the reasonableness, or lack thereof, of the time in which the motion was brought, must be made in light of the importance of providing for the custody, care, and support of the child; securing the visitation rights of the non-custodial parent; and ensuring a stable physical and emotional environment for the child. Furthermore, since Garcia contributed to the problem by concealing her pregnancy from Watson and the trial court, she will not be heard concerning prejudice to her by the reopening of the judgment.

As the best interests of the child are a consideration of paramount importance, we cannot find that the trial court's determination of the timeliness of Watson's motion constituted an abuse of that court's discretion. The above-mentioned issues (custody, support, visitation) likewise satisfy the final requirement of *GTE Automatic Electric, supra,* for a meritorious claim.

We find no basis upon which to disturb the trial court's order granting Watson's motion for relief under Civ. R. 60(B). Accordingly, Garcia's first and second assignments of error are overruled.

Assignment of Error No. III

"The trial court erred in exercising jurisdiction contrary to the provisions of Ohio Revised Code Section 3109.21 *et seq.*"

The Uniform Child Custody Jurisdiction Act (R.C. 3109.21 *et seq.*) provides, in R.C. 3109.22:

"(A) No court of this state having jurisdiction to determine the custody of a child shall exercise that jurisdiction unless one of the following applies:

"(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in his state;

"(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;

"(4) It appears that no other state would have jurisdiction under prere-

348

quisites substantially in accordance with division (A)(1), (2), or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

"(B) Except as provided in division (A)(3) and (4) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

"(C) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody."

Appellant concedes that some court somewhere must decide the custody-related problems. The record establishes that three states — Ohio, New Mexico, and Colorado — have at least some degree of connection with the parties and the child. Although Garcia claims that New Mexico is the child's home state and that Ohio should therefore decline jurisdiction in favor of that state, her actions contradict that claim. Garcia's conduct in returning to Colorado after taking the child from this jurisdiction, and filing her petition for custody there, is certainly indicative of the lack of any substantial and permanent contacts with the state of New Mexico. Colorado has already expressly declined to exercise jurisdiction in deference to Ohio. As we noted in our recitation of the factual background of this appeal, Ohio has real and significant contacts with both parents and the child. Additionally, the Ohio court is the court most familiar with the history of the parties and the case, having rendered the original judgment. We therefore find no abuse of the trial court's discretion in assuming jurisdiction. This assignment of error is overruled.

Assignment of Error No. IV

"The trial court erred in continuing to improperly exercise jurisdiction by certi-

fying the matter to the juvenile court."

For the reasons set forth in our discussion of Garcia's previous claims of error, the fourth assignment of error is overruled.

Summary

Each assignment of error has been considered and overruled. The judgment is affirmed.

*Judgment affirmed.*

MAHONEY and BAIRD, JJ., concur.