OPINION
On June 1, 1974, plaintiff-appellee, Carole A. Fallang, and defendant-appellant, David J. Fallang, were married in Columbus, Ohio. Appellee subsequently filed a complaint for divorce in the Butler County Court of Common Pleas on November 14, 1991. The trial court held a series of hearings at which it heard extensive testimony on the issues of child custody, property division, and spousal support.
The trial court issued a written decision on March 10, 1993 in which it awarded custody of the parties' oldest child, Kirstin, to appellee. The trial court also adopted a shared parenting plan which provided that each party would have custody of their three boys, Ragan, Ethan, and Carsen, on alternating weeks. A standard holiday visitation order was also adopted as part of the trial court's custody decision.
On December 28, 1993, the trial court issued a lengthy written decision in which it divided the parties' marital assets and liabilities. The trial court found that appellant was employed as a general surgeon earning approximately $185,000 annually and that appellee was employed as a substitute school teacher earning "minimal income." The trial court also found that the parties had accumulated net marital assets totaling $1,038,719.
The trial court awarded appellant net marital assets totaling $649,319. Appellee was awarded net marital assets totaling $389,400. The trial court ordered appellant to pay appellee $129,959.
On appeal, we held that the trial court had erred in valuing a farm the parties owned in Madison Township at $132,000. See Fallang v. Fallang (Apr. 17, 1995), Butler App. No. CA94-04-086, unreported ("Fallang I"). Our decision reasoned that the appraisal adopted by the trial court had been conducted before a four-acre portion of the Madison Township farm had been condemned by the state of Ohio so that the portion of State Route 122 running in front of the parties' farm could be widened. Id. The case was remanded to the trial court for a new hearing to determine the value of the farm with the condemnation taken into account. Id.
On September 20, 1995, appellant filed a Civ.R. 60(B) motion for relief from judgment. The motion alleged that the trial court's December 28, 1993 judgment entry should be set aside under Civ.R. 60(B)(3) and (5) because both the trial court, and this court, had erroneously held that his annual income in 1992 exceeded $185,000.
The trial court held a hearing on December 14, 1996 to redetermine the value of the Madison Township farm. Appellant presented expert testimony from John Sawyer, a Middletown real estate broker. Sawyer testified that the road widening project had reduced the size of the parties' sixty-six acre farm by four acres, but that the value of the remaining sixty-two acres of land had increased by approximately $140 to $150 per acre. Sawyer also testified that the sixty-two acre farm could have been sold for a price between $2,140 and $2,150 per acre after the condemnation. Such a sale would have netted between $132,680 and $133,300.
Appellant also presented expert testimony at the hearing. Floyd Geeding, a Preble County real estate appraiser, testified that he appraised the parties' Madison Township farm at $105,600. Geeding conceded that he had appraised the farm prior to the condemnation and that he was unable to determine what effect, if any, the condemnation had on the value of the farm.
The trial court issued a written decision on February 13, 1996 in which it found that the value of the parties' farm had remained $132,000, even though a portion of the land had been condemned. The trial court also denied appellant's Civ.R. 60(B) motion for relief from judgment. Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING A MOTION TO DISMISS APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN RECOGNIZING JAMES SAWYER AS AN EXPERT WITNESS FOR THIS CASE.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN ADMITTING THE TESTIMONY OF JAMES SAWYER INTO EVIDENCE.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN NOT ADMITTING PLAINTIFF'S EXHIBITS LLL AND MMM.
Assignment of Error No. 5:
 THE TRIAL COURT'S VALUATION OF THE APPELLANT'S BUTLER COUNTY FARM GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, appellant contends that the trial court erred in overruling his Civ.R. 60(B) motion for relief from judgment. Appellant argues that he is entitled to relief from judgment under Civ.R. 60(B)(3) and (5) because both the trial court, and this court, erroneously held that his annual income in 1992 exceeded $185,000. Civ.R. 60(B) provides, in part, as follows:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
 (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(5) any other reason justifying relief from the judgment.
The Ohio Supreme Court established the following three-pronged test in GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146, which we must apply in order to determine whether appellant is entitled to relief from judgment:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that:
 (1) the party has a meritorious defense or claim to present if relief is granted;
 (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
See, also, Strack v. Pelton (1994), 70 Ohio St.3d 172, 174; Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
The first prong of the GTE test requires us to consider whether appellant has a meritorious claim or defense to present if relief is granted. Appellant argues that both the trial court and this court erroneously determined that his annual income in 1992 was in excess of $185,000. The record indicates that one of the exhibits admitted at trial was a copy of appellant's 1992 federal income tax return. Line twenty-three of the return states that appellant's total income during 1992 was $146,651. Therefore, we hold that the trial court erred in concluding that appellant's income during 1992 exceeded $185,000.
Likewise, it is also apparent that our prior decision in Fallang I erroneously held that the trial court's income determination was supported by the record. Page seven of our prior decision in Fallang I reasoned as follows:
 Appellant complains in his third assignment of error that the trial court's finding that his annual income was in excess of $185,000 is against all reason and the evidence. In the context of domestic relations cases, a trial court's determination of a party's annual income will not be disturbed on appeal absent an abuse of discretion. * * *
 In 1992, appellant's net reported income was $146,651. This figure did not include $36,000 in rental income from a medical office condominium and approximately $12,000 in earned income that was held by the corporation and not distributed to appellant. The trial court's determination that appellant's income was in excess of $185,000 is supported by competent, credible evidence.
Upon further review, however, it is apparent that the $146,651 figure listed on line twenty-three of appellant's 1992 return did include all of appellant's rental income. Schedule E of appellant's 1992 return indicates that appellant did in fact declare $36,000 in rental income. Appellant then deducted $8,605 for depreciation and ordinary and necessary business expenses to arrive at $27,395 of net rental income for 1992. This figure was then included in the $146,651 of total income reported on line twenty-three of appellant's 1992 return. Accordingly, we hold that both the trial court and this court previously erred in determining that appellant's annual income exceeded $185,000 in 1992 and that appellant consequently has a meritorious claim or defense to present if relief from judgment is granted.
The second prong of the GTE test requires us to determine whether appellant is entitled to relief from judgment under one of the grounds stated in Civ.R. 60(B)(1)-(5). Appellant's motion for relief from judgment alleges that the trial court's December 28, 1993 judgment entry should be set aside under both Civ.R. 60(B)(3) and (5). However, the record shows that appellant did not file his motion for relief from judgment until September 20, 1995, more than twenty months after the trial court issued its original judgment entry on December 28, 1993 in which it found that appellant's annual income in 1992 exceeded $185,000. Therefore, we need only determine whether appellant is entitled to relief from judgment under Civ.R. 60(B)(5) since a motion for relief from judgment brought under Civ.R. 60(B)(3) must be filed within one year of the judgment entry from which the relief is sought. See Still v. Still (June 25, 1996), Gallia App. No. 95CA15, unreported.
Civ.R. 60(B)(5) is a catchall provision which reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. Volodkevich v. Volodkevich (1988),35 Ohio St.3d 152, 154; Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66. "[C]ourt errors and omissions are reasons justifying relief under the `other reason' clause" of Civ.R. 60(B)(5). Bobb v. Marchant (1984), 14 Ohio St.3d 1, 2; State ex rel. Gyurcsik v. Angelotta (1977), 50 Ohio St.2d 345, 347; U.A.P. Columbus JV326132 v. Plum (1986), 27 Ohio App.3d 293, 295. As we have already noted, it is clear from the record that both the trial court and this court erroneously determined that appellant's total income in 1992 exceeded $185,000. In our view, these errors are sufficient to justify granting relief from judgment under the catchall provision of Civ.R. 60(B)(5). Consequently, we hold that appellant has satisfied the second prong of the GTE test.
The third prong of the GTE test requires us to determine whether appellant's Civ.R. 60(B)(5) motion for relief from judgment was timely filed. A motion for relief from judgment brought under Civ.R. 60(B)(5) must be filed within a "reasonable time." Mount Olive Baptist Church v. Pipkins Paints (1979),64 Ohio App.2d 285, 288-89. It is not subject to the one-year limitation present with respect to Civ.R. 60(B)(1), (2) and (3). In re Dissolution of Marriage of Watson (1983), 13 Ohio App.3d 344,346; In re Murphy (1983), 10 Ohio App.3d 134, 138. The determination as to what constitutes a "reasonable time" for purposes of Civ.R. 60(B)(5) is a factual issue which varies depending upon the circumstances of each particular case. Miamisburg Motel v. Huntington Natl. Bank (1993), 88 Ohio App.3d 117,128; Walker v. Walker (Oct. 17, 1991), Clark App. No. 2772, unreported.
Our review of the record indicates that appellant filed his motion for relief from judgment on September 20, 1995, twenty months after the trial court issued its December 28, 1993 judgment entry finding that his annual income was in excess of $185,000. However, it is apparent from the record that this delay was due, in large part, to the fact that appellant brought a direct appeal to this court in Fallang I wherein he challenged the trial court's income determination. Appellant should not and will not be made to suffer an injustice because our prior decision in Fallang I erroneously held that the trial court's income determination was supported by the evidence. Accordingly, we find that the twenty month delay between trial court's December 28, 1993 judgment entry and the filing of appellant's motion for relief from judgment was reasonable under the particular facts of this case.
In sum, we hold that both the trial court and this court erroneously determined that appellant's annual income in 1992 exceeded $185,000, that such errors are grounds for relief from judgment under Civ.R. 60(B)(5), and that the motion for relief from judgment filed by appellant in this case was timely. Therefore, appellant is entitled to relief from judgment under Civ.R. 60(B)- (5). The order of the trial court denying appellant's Civ.R. 60(B) motion for relief from judgment is hereby reversed and this cause is remanded to the Butler County Court of Common Pleas, Domestic Relations Division. On remand, the trial court is hereby instructed to conduct a hearing, redetermine appellant's annual income during 1992, and then recalculate appellant's spousal and child support obligations from that date forward based upon its findings.
In his second assignment of error, appellant contends that the trial court should not have qualified John Sawyer as an expert witness in the field of real estate valuation. Evid.R. 702 governs the admissibility of expert testimony and provides, in pertinent part, as follows:
 A witness may testify as an expert if all of the following apply:
 (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 (C) The witness' testimony is based on reliable scientific, technical, or other specialized information.
A trial court has broad discretion to determine whether a witness is qualified to testify as an expert under the criteria specified by Evid.R. 702. State v. Awkal (1996), 76 Ohio St.3d 324,331. An appellate court must not disturb a trial court's decision to qualify a witness as an expert unless there has been an abuse of discretion. Colboch v. Uniroyal Tire Co., Inc. (1996), 108 Ohio App.3d 448, 461; Burke v. Gammarino (1995),108 Ohio App.3d 138, 145. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the trial court." Vinci v. Ceraolo (1992), 79 Ohio App.3d 640,646.
Sawyer testified that he has been employed as a realtor and land developer in the Middletown area for twenty-five years and that he has appraised real property on at least one hundred occasions during the past five years. Sawyer stated that he is a member of the National Association of Realtors and that he has testified as an expert witness in land valuation matters on several prior occasions. Sawyer also explained that he performed the appraisal in this case by personally examining the parties' farm and then comparing it to other similar parcels of land in Butler County which had recently been sold.
The trial court certainly did not abuse its discretion in finding that Sawyer possessed specialized knowledge, skill, or experience in the field of real estate valuation or that Sawyer's testimony related to a matter beyond the knowledge or experience of an ordinary layman. Likewise, it is apparent from the record that Sawyer's appraisal of the parties' farm was based upon reliable technical or specialized information. Accordingly, the trial court did not err in qualifying Sawyer as an expert witness under Evid.R. 702. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant contends that the trial court erred in permitting Sawyer to testifify concerning the value of the parties' farm. Appellant first argues that Sawyer was not qualified to appraise the farm because he did not walk over and view each and every wooded acre of the property. However, our review of the record indicates that Sawyer personally visited the parties' farm in 1992 and that he was sufficiently familiar with the nature and character of the land to render an expert opinion with respect to its value. Appellant's contention that Sawyer was required to closely examine every single acre of the property before rendering an opinion as to its value is wholly without merit.
Appellant next argues that Sawyer's testimony concerning the value of the farm was inadmissible under Evid.R. 703 because Sawyer discussed the value of the farm with several other real estate professionals before rendering his appraisal. We disagree. The fact that an expert witness discusses or confirms his or her findings with a colleague does not render the expert's opinion inadmissible under Evid.R. 703. State v. Mack (1995), 73 Ohio St.3d 502,512; General Accident Insurance Co. v. Black Decker (Nov. 13, 1996), Hamilton App. No. C-950473, unreported.
Finally, appellant also argues that Sawyer's testimony was inadmissible under Evid.R. 702 because Sawyer failed to comply with the Uniform Standards of Professional Appraisal Practice ("USPAP"). Again, we must disagree. Neither Evid.R. 702 nor any other provision of Ohio law requires an expert witness to comply with the USPAP before he or she may testify concerning the value of real property. Accordingly, appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant contends that the trial court erred in excluding two newspaper articles which discussed the completion of the State Route 122 roadway improvement project. Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The admission of evidence under Evid.R. 401 is a matter within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 180. A trial court's decision to exclude evidence under Evid.R. 401 must not be disturbed on appeal absent an abuse of discretion. State v. Blankenship (1995), 102 Ohio App.3d 534,549; State v. Wayt (Mar. 24, 1994), Butler App. No. CA93-05-097, unreported.
Our review of the record indicates that neither of the newspaper articles offered by appellant contains any information which even remotely relates to the value of the parties' farm after the condemnation. Therefore, the trial court properly found that both articles were irrelevant and inadmissible. Appellant's fourth assignment of error is overruled.
In his fifth assignment of error, appellant contends that the trial court's determination that the value of the parties' farm remained $132,000 after the condemnation is contrary to the manifest weight of the evidence. An appellate court's function when reviewing the weight of the evidence in a civil case is to examine all of the evidence offered by the parties at trial and to then determine whether there is "some competent, credible evidence going to all essential elements of the case." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80; C.E. Morris v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 280. A trial court has broad discretion to determine the value of all marital property which is subject to division. See Berish v. Berish (1982), 69 Ohio St.2d 318, syllabus; Willis v. Willis (1984),19 Ohio App.3d 45, 48. When valuing property, a trial court may rely in whole or in part on expert testimony. Phillips v. Phillips (Aug. 16, 1993), Butler App. No. CA92-11-213, unreported; Tolliver v. Tolliver (Jan. 22, 1991), Clinton App. No. CA90-07-015, unreported.
Sawyer testified that four acres of the parties' sixty-six acre farm had been condemned for the State Route 122 road widening project, but that the corresponding roadway improvement had increased the value of the remaining sixty-two acres of land. Sawyer testified that the sixty-two acres of farmland which remained after the condemnation could have been sold for a price between $2,140 and $2,150 per acre after the condemnation. Such a sale would have netted between $132,680 and $133,300. Accordingly, the trial court did not abuse its discretion when it found that the value of the parties' farm remained approximately $132,000 after the condemnation. Appellant's fifth assignment of error is overruled.
The judgment of the trial court is hereby affirmed in part and reversed in part and this cause is remanded to the Butler County Court of Common Pleas, Domestic Relations Division, for further proceedings consistent with this opinion.
KOEHLER and WALSH, JJ., concur.
 *Page 1