DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from an order issued by the Toledo Municipal Court which granted a defendant relief from a default judgment in a negligence action case.
On June 23, 1994, appellant, Buckeye Cablevision, Inc., sued appellee, High Voltage Corp., alleging that appellee negligently cut into one of appellant's buried cables causing damage. When appellee failed to answer or otherwise appear in the case, appellant moved for and was granted a default judgment in the amount of $6,483.08. On October 27, 1999, appellant initiated a non-wage garnishment of appellee's bank account which seized $5,493.29. A second garnishment, in February 2000, obtained sufficient funds to fully satisfy the judgment.
On February 28, 2000, appellee moved for relief from judgment, asserting with support documents that appellant's damages were the result of its own negligence. Also accompanying the motion was an affidavit from appellee's president stating that neither he nor the corporation had ever been sued before and he was unaware of the consequence of failing to answer the complaint. The trial court held a hearing on appellee's relief motion and found that appellee had a viable defense to the complaint and that its delay in responding was the result of excusable neglect.
Appellant now appeals this order, arguing in two assignments of error that the trial court erred in finding appellee's lack of timely response was excusable neglect and that the eight month delay in making the Civ.R. 60(B)(1) motion was not reasonable within the meaning of the rule.
As we stated in Lorello v. Kerr (Nov. 12, 1999), Erie App. No. E-98-076, unreported:
 "To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within the time periods prescribed. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Whether relief should be granted due to the excusable neglect of a party is addressed to the sound discretion of the trial court. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77."
The determination as to what constitutes a "reasonable time" to bring the motion also rests in the discretion of the court. In reWatson (1983), 13 Ohio App.3d 344, 346-347.
Matters left to the discretion of the court will not be reversed absent an abuse of discretion. An abuse of discretion is more than an error of judgment or a mistake of law, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161,168-168.
In this matter, the motion for relief from judgment was brought within the one year limit established in the rule for Civ.R. 60(B)(1) motions. In our view, a motion brought within the one year rule is inherently reasonable absent some compelling indices otherwise. We see no such indices in this case. Consequently, the trial court did not abuse its discretion in ruling the motion timely. Accordingly, appellant's second assignment of error is not well-taken.
With respect to the court's determination that appellee's failure to timely answer the complaint was excusable neglect, we note that the law strongly favors the resolution of suits on their merits. When a movant for relief from judgment presents a meritorious defense, we are instructed to resolve any doubt concerning the motion in favor of setting aside the default judgment. GTE Automatic at paragraph 2 of the syllabus. It is uncontested here that appellee has a meritorious defense. Moreover, we do not find it unreasonable or arbitrary that the trial court determined that appellee, being a novice to civil judicial proceedings, responded with excusable neglect. Accordingly, appellant's first assignment of error is not well-taken.
On consideration whereof, the judgment of the Toledo Municipal Court is affirmed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellant.
JUDGMENT AFFIRMED.