[Cite as *Harris v. Johnson*, 2011-Ohio-3102.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JAMES HARRIS | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10 CA 22 |
| THOMAS H. JOHNSON, JR. | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 06 CV 00375


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      June 23, 2011


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JAMES HARRIS                       LUIS M. ALCALDE
PRO SE                               KEGLER BROWN HILL & RITTER
67 South Parkview Avenue           Suite 1800, 65 East State Street
Columbus, Ohio 43209               Columbus, Ohio 43215

*Wise, J.*

{¶1}    Defendant-appellant Thomas H. Johnson, Jr. appeals from the December 3, 2010, Judgment Entry entered in the Perry County Court of Common Pleas, denying his Motion for Relief from Judgment pursuant to Civil Rule 60(B).

{¶2}    Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}    On October 3, 2006 Plaintiff-Appellee, James Harris, (hereinafter "Harris") filed a Complaint in the Perry County Court of Common Pleas to "Quiet Title" to various properties. The Complaint, which named over fifty (50) defendants, provided addresses for service of process for only six (6) of the defendants.

{¶4}    Defendant-Appellant Thomas Johnson was one of those defendants for which no address was provided.

{¶5}    On October 6, 2006, Appellee Harris moved the trial court for permission to serve by publication those named defendants for which he had provided no addresses.

{¶6}    In an affidavit attached to the Motion for Service by Publication, Appellee Harris generally attested that the residence of certain of the named defendants "cannot with reasonable diligence be ascertained" and that "he has made a diligent search in public records, by talking with possible relatives, and checking electronic databases to determine the name and addresses of the persons named as defendants ... and that he has provided all of the addresses he was able to find."

{¶7}    Defendant-Appellant Johnson did not file an answer in this matter and default judgment was granted.  Quiet title was granted in Appellee's name.

**{¶8}**  On July 8, 2010, Appellant filed a Motion for Relief from Judgment pursuant to Civil Rule 60(B).

**{¶9}**  On July 19, 2010, Appellee filed a Motion in Opposition to Appellant's Motion for Relief from Judgment and Affidavit in Support and on August 2, 2010, Appellant filed a Reply to Appellee's Motion in Opposition.

**{¶10}** On August 6, 2010, the trial court conducted an oral hearing on Appellant's motion.

**{¶11}** By Judgment Entry filed December 3, 2010, the trial court denied Appellant's Motion for Relief from Judgment, finding that there was sufficiency of process in this matter.  The trial court further found that Appellant's motion for relief was not timely filed after his discovery of the judgment against him.

**{¶12}** It is from this decision that Appellant now appeals, raising the following assignments of error for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶13}** "I. THE TRIAL COURT ERRED IN NOT VACATING THE JUDGMENT OF JANUARY 11, 2007 AND GRANTING DEFENDANT-APPELLANT JOHNSON RELIEF THEREFROM ON THE BASIS OF LACK OF JURISDICTION.

**{¶14}** "II. THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT-APPELLANT JOHNSON RELIEF FROM THE JUDGMENT OF JANUARY 11, 2007 PURSUANT TO CIV.R. 60(B)(5)."

I., II.

**{¶15}** Appellant's Assignments of Error involve the trial court's denial of Appellant's motion for relief from judgment under Civ.R. 60(B). Specifically, Appellant is

arguing that the trial court lacked jurisdiction to grant service by publication and subsequently lacked jurisdiction to grant default judgment based on defective due process of service. Appellant argues that because personal service was insufficient, the default judgment is voidable under Civ.R. 60(B)(5). We disagree.

{¶16} A motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140

{¶17} Civ.R. 60(B) states in pertinent part:

{¶18} "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered. * * *."

{¶19} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief

under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564; *Argo Plastic Prod. Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 474 N.E.2d 328.

**{¶20}** Further, Civ.R. 60(B) "is not available as a substitute for a timely appeal * * * nor can the rule be used to circumvent or extend the time requirements for an appeal." *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686.

**{¶21}** Civil Rule 60(B) represents an attempt to strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done. *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (citation omitted).

**{¶22}** Here, Appellant asserts that he is entitled to relief from judgment under Civ.R. 60(B)(5). "[W]e note Civ.R. 60(B)(5) is a catch-all provision that reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365, paragraph one of the syllabus. The grounds for relief must be substantial. *Id.* It is to be used only in extraordinary and unusual cases when the interests of justice warrant it. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 316 N.E.2d 469." *Harrison v. Doerner,* Cuyahoga App. No. 94270, 2010-Ohio-4682, ¶ 18.

**{¶23}** Pursuant to Civ.R. 60(B), Appellant must demonstrate a reason to set aside an entry of the trial court.

**{¶24}** Appellant claims that service of process by publication was defective in this case because the affidavit filed by Appellee failed to set forth "all of the efforts made on behalf of the party to ascertain the residence of the defendant." Appellant further argues that his address was readily ascertainable in telephone directories, public records and the county tax records.

**{¶25}** When a party challenges the existence or sufficiency of service of process, the court is " 'guided by the premise that service is proper where the civil rules on service are followed, unless sufficient evidence exists to rebut this principle.' " *Bowling v. Grange Mut. Cas. Co.,* 10th Dist. No. 05AP-51, 2005-Ohio-5924, quoting *Neiswinter v. Nationwide Mut. Fire Ins. Co.,* 9th Dist. No. 21691, 2004-Ohio3943. "In determining whether a defendant has sufficiently rebutted the presumption of valid service, a trial court may assess the credibility and competency of the submitted evidence demonstrating non-service." *Bowling* at ¶ 33.

**{¶26}** The trial court below found that Appellee's Motion and Affidavit for Publication was sufficient to allow publication in the lower court case. Further, Appellee provided the trial court a more detailed Affidavit setting forth the efforts he made to discover the address of Appellant in 2006. Additionally, the trial court found that the tax bills submitted by Appellant in support of his argument that his address was readily ascertainable were prepared in February, 2008, well after the default judgment was granted in this matter.

**{¶27}** As Appellant has not filed a transcript of the hearing on his Civ.R. 60(B) motion, we must presume the validity of the trial court's findings. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the

reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385.

{¶28} Moreover, we find that Appellant's motion was not timely. In the case sub judice, Appellant moved for relief under subsection (B)(5) which is "any other reason justifying relief from the judgment." Although a Civ.R. 60(B)(5) motion is not subject to the rule that it be brought within one year after entry of final judgment, and while there is no fixed time period within which a motion for relief under Civ.R. 60(B)(5) must be made, the motion still must be made within a "reasonable time." *In re Marriage of Watson* (1983), 13 Ohio App.3d 344, 346, 469 N.E.2d 876. The determination of what constitutes a reasonable time is within the sound discretion of the trial court. *Id.* Even though courts have granted relief from judgment after lengthy delays, it is usually only under unique circumstances. See, e.g., *Taylor v. Haven* (1993), 91 Ohio App.3d 846, 849, 633 N.E.2d 1197.

{¶29} The judgment entry and the record herein, without a transcript, reflect that Appellant became aware of the default judgment and the transfer of the real property sometime between 2007-2008. During that time Appellant attempted to pay the taxes on the property and correct his mailing address on those records. However, Appellant did not file his motion for relief from judgment until July 8, 2010, approximately 3 ½ years after the default judgment was granted.

{¶30} Appellant offers no explanation for the significant period of delay between the time he discovered the default judgment and the time he filed his motion for relief from judgment.

{¶31} In *Mt. Olive Baptist Church v. Pipkins Paints & Home Imp. Ctr., Inc.* (1979), 64 Ohio App.2d 285, 289, 413 N.E.2d 850, this Court held that "[a] motion to vacate a default judgment which is filed nearly seven months after actual notice of the action and more than four months after default judgment was entered is not, on its face, a reasonable time within which to file the motion pursuant to Civ. R. 60(B)(5)." This Court found the delay unreasonable given the lack of any explanation in the record. *Id.* Similarly, we are faced with a significant period of delay from actual or constructive notice, with no real explanation before us in the record.

{¶32} Based on the foregoing, we find that the trial court did not abuse its discretion in denying Appellant's motion for relief from judgment.

{¶33} Appellant's assignments of error are overruled.

{¶34} For the foregoing reasons, the Judgment of the Court of Common Pleas, Perry County, Ohio, is affirmed.

By: Wise, P. J.

Gwin, J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0613

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JAMES HARRIS                                    :
                                                :
    Plaintiff-Appellee                      :
                                                :
-vs-                                            :          JUDGMENT ENTRY
                                                :
THOMAS H. JOHNSON, JR.                          :
                                                :
    Defendant-Appellant                     :          Case No. 10 CA 22


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.

    Costs assessed to Appellant.


                                _____


                                _____


                                _____

                                          JUDGES