[Cite as *West v. Reichman*, 2020-Ohio-1226.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PARKER A. WEST | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ANNA K. REICHMAN | : | Case No. 2019 AP 10 0044 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County
Court of Common Pleas, Juvenile
Division, Case No. 2019 PA 00092

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      March 27, 2020

APPEARANCES:

For Plaintiff-Appellant

MICHAEL C. JOHNSON
Johnson, Urban, & Range Co., LPA
117 South Broadway, P.O. Box 1007
New Philadelphia, Ohio 44663

For Defendant-Appellee

KIMBERLY R. HOPWOOD
1583 Old Drum Road
Bolivar, Ohio 44612

*Baldwin, J.*

{¶1}   Plaintiff-appellant Parker West appeals from the October 7, 2019 Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division.

STATEMENT OF THE FACTS AND CASE

{¶2}   On February 16, 2016, appellee Anna Reichman gave birth to a child. Appellee was unmarried at the time. On April 18, 2019, appellant filed a complaint for paternity, child support and other relief.  Appellant, in his complaint, stated that appellant had been listed as the child's father on the birth certificate.  He further stated in an affidavit filed on April 18, 2019 that the parties had lived together and jointly raised the child from her birth until December, 2018 when appellee took the child and left appellant's residence.

{¶3}   On May 17, 2019, appellee filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B) and R.C. 3119.961 and 3119.962. Appellee, in her motion, asked that the trial court order genetic testing of appellant, and that, if the results indicated non-paternity, "the administrative paternity be set aside, that  [appellant's] rights and responsibilities be vacated," and that the birth record and child's surname be amended.   Appellee, in an affidavit in support of her motion, stated that appellant had signed the acknowledgement of paternity but was not the child's biological father.

{¶4}   Appellee filed an answer to the complaint on May 17, 2019, raising the defense of non-paternity. Genetic testing concluded that there was a 0.00% probability that appellant was the child's father. A notice of the June 28, 2019 results was filed with the court on July 8, 2019.

{¶5}   Appellant, on August 1, 2019, filed a reply to the Motion for Relief from Judgment and an affidavit and appellee filed a brief in support of her motion on August 1,

2019. Appellee, in her brief, noted that appellant had signed an acknowledgment of paternity in February of 2016. Appellant filed a reply brief on August 8, 2019, arguing that appellee's Civ.R. 60(B) motion was untimely.

{¶6} A hearing before a Magistrate was held on July 23, 2019. The Magistrate, in a Decision filed on August 27, 2019, sustained appellant's 60(B) Motion for Relief from Judgment and scheduled an evidentiary hearing for September 10, 2019 to determine whether or not appellant should receive court ordered companionship with the child.

{¶7} Appellant filed an objection to the Magistrate's Decision on September 5, 2019 stating in part, as follows:

{¶8} "Such a ruling should be set aside as Rule 60(B)(5) was never meant to allow a party who freely participated in the prior judgment, had full knowledge of the facts surrounding the prior judgment to move to set aside that judgment 3 ½ years later. The Ohio Legislature has enacted specifically a process to set aside paternity which can be brought by the male parent under Ohio Revised Code Section 3119.961."

{¶9} Appellee filed a response to the same on September 13, 2019.

{¶10} Pursuant to a Judgment Entry filed on October 7, 2019, the trial court overruled the objections and approved and adopted the Magistrate's Decision, sustaining the Motion for Relief from Judgment. On October 11, 2019, appellee filed a motion asking that appellant's motion for companionship be dismissed and appellant filed a reply on October 25, 2019.[1]

{¶11} On October 28, 2019, appellant appealed from the trial court's October 7, 2019 Judgment Entry, raising the following assignment of error on appeal:

---

[1] The motion was held in abeyance pending a ruling on the appeal.

**{¶12}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE MOTION FOR RELIEF FROM JUDGMENT UNDER OHIO CIVIL RULE 60(B)."

I

**{¶13}** Appellant, in his sole assignment of error, argues that the trial court erred in granting the Motion for Relief from Judgment under Ohio Rule 60(B). We disagree.

**{¶14}** As noted by this Court in *Holt v. Cline,* 5th Dist .Richland App. No. CA–2905, 1992 WL 173368 (June 23, 1992), "[a] paternity judgment may be challenged by a Civ.R. 60(B) motion. *Gilbraith v. Hixson* (1987), 32 Ohio St.3d 127, 131, 512 N.E.2d 956."

**{¶15}** Civ.R. 60 states, in relevant part, as follows:

(B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶16} In order to prevail on a motion brought pursuant to Civ.R. 60(B), " * * * the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." *Argo Plastic Products Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984), citing *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶17} A motion for relief from judgment under Civ.R. 60(B)(5) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). We must look at the totality of the circumstances in the case *sub judice* and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.

{¶18} Allowing relief pursuant to Civ.R. 60(B)(5) "has been narrowly defined and should be granted only in extraordinary situations where the interests of justice demand." *In re Marriage of Watson*, 13 Ohio App.3d 344, 346, 469 N.E.2d 876 (9th Dist. 1983), citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97,105, 316 N.E.2d 468 (8th Dist. 1974).

{¶19} In *Mitchell v. Mitchell,* 8th Dist. Cuyahoga App. No. 50889, 1987 WL 6545 (Feb. 12, 1987), the appellate court upheld the trial court's decision granting a Civ.R.

60(B)(5) motion where tests conducted nine years after the divorce decree precluded the appellee as the father of the appellant's child. The court held that although the appellant could have pursued the matter more diligently, other factors must be considered in determining the timeliness of a Civ.R. 60(B)(5) motion. These factors include the best interest of the child, and the possibility that a fraud may have been perpetrated on the court. The court stated: "There is nothing in the record to prove that Clara knew in 1976 that Willie was not the children's father. But we know now. Can we then let the judgment, which involves a substantial issue, stand unmodified when it is obviously wrong? To do so would be an affront to our system of justice." The court held that "[appellant] should not be precluded from using Civ.R. 60(B)(5), however, in light of the substantial, extraordinary circumstances involved in this case."

{¶20} In the case sub judice, appellee established a meritorious defense namely, that appellant was not the child's biological father. The result of the paternity test excluding the appellant as the probable father of the child is a most adequate reason under Civ. R. 60(B)(5) justifying relief. There was evidence in the record that both parties were unsure of the child's paternity at the time of her birth. Appellant, in an affidavit filed on August 1, 2019, stated that appellee told him that she did not have a sexual relationship with another man after he questioned her, but later told him after the child's birth that she did not know who the father was. Appellant had no reason to file his complaint until appellee took the child and left appellant's home. We note that appellee filed her motion shortly after appellant filed his complaint for paternity.

**{¶21}** We find that the trial court's decision granting appellee's Motion for Relief from Judgment was not arbitrary, unconscionable or unreasonable based on the facts of this case.

**{¶22}** Appellant's sole assignment of error is, therefore, overruled.

**{¶23}** Accordingly, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.