[Cite as *State v. Myers*, 2020-Ohio-3752.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

Appellee

v.

Benjamin Keith Myers

Appellant

Court of Appeals Nos. L-19-1096
L-19-1097
L-19-1098

Trial Court Nos. CRB-16-17250-0102
CRB-16-17250-0202
CRB-17-05670-0101

**DECISION AND JUDGMENT**

Decided: July 17, 2020

* * * * *

David Toska, Chief Prosecutor, and Jimmie Jones, Assistant
Prosecutor, for appellee.

Robert P. Soto, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal from a January 8, 2019 judgment of the Toledo

Municipal Court, finding appellant guilty, pursuant to a voluntary plea agreement,

reached following negotiations exceeding five hours in duration, of two counts of

menacing by stalking, in violation of R.C. 2903.211, misdemeanors of the first degree, and one count of telecommunications harassment with purpose to abuse, threaten, or harass another, in violation of R.C. 2917.21, a misdemeanor of the first degree.

{¶ 2} In exchange, two additional offenses were dismissed. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Benjamin Myers, sets forth the following four assignments of error:

1. The trial court abused its discretion and committed reversible error when it refused to grant the defendant's motion to withdraw [his] no contest plea.

2. The trial court abused its discretion and committed reversible error in accepting the defendant's plea.

3. The trial court imposed a sentence contrary to law.

4. The trial court violated appellant's [right to a speedy trial].

{¶ 4} The following undisputed facts are relevant to this appeal. On January 8, 2019, following the entry of the above-described plea agreement, appellant was sentenced to consecutive misdemeanor sentences at CCNO of 180 days on each count, with credit for the full time served on the first two offenses, and 80 days suspended with credit for the balance served on the third offense.

{¶ 5} For context and clarity, we note that the record reflects appellant to be appreciably intelligent. Consistently, appellant undertook exacting efforts throughout

2.

this case to be in full command of all information, all options, and actively participated in the resolution of his cases.

{¶ 6} As such, current claims by appellant to have lacked adequate cognitive functioning to have properly resolved these cases are clearly refuted by the record of evidence.

{¶ 7} On February 12, 2019, despite the above-detailed favorable plea agreement, under which appellant was not ordered to serve any additional time, and despite having been previously found guilty following a bench trial on all offenses, appellant filed a Crim.R. 32.1 post-sentencing motion to withdraw the above-described plea agreement. The plea agreement was assiduously crafted in attentive coordination with appellant.

{¶ 8} The above-referenced bench convictions were later reversed and remanded to the trial court in *State v. Myers*, 6th Dist. Lucas Nos. L-18-1088 and L-18-1089, 2018-Ohio-5286, on a procedural basis not pertaining to the underlying veracity of the convictions.

{¶ 9} On April 3, 2019, an evidentiary hearing was conducted on appellant's Crim.R. 32.1 post-sentence motion to withdraw. Appellant, whom the record reflects to be consistently articulate and deliberative, argued in support of the motion that his plea was not knowing, intelligent, or voluntary, but rather was the product of duress and coercion, enabled by appellant's alleged sleep deprivation on the date of the change of plea.

3.

{¶ 10} Specifically, appellant maintained that he had only received approximately six hours of uninterrupted sleep the night before the change of plea hearing, yet appellant asserts that he is unable to properly function without at least nine hours of uninterrupted sleep.

{¶ 11} The trial court was not persuaded. The trial court denied the motion, holding in relevant part, "[Y]ou know exactly what you're doing and you know exactly the game that you were playing."

{¶ 12} Nothing in the record lends credence to appellant's claims of legally inadequate cognitive function due to alleged sleep deprivation, or on any other basis. This appeal ensued.

{¶ 13} In the first assignment of error, appellant asserts that the trial court erred in denying appellant's Crim.R. 32.1 post-sentence motion to withdraw the negotiated guilty plea reached following the procedural remand of the case subsequent to appellant's trial convictions on all counts. We do not concur.

{¶ 14} Crim.R. 32.1 establishes a considerable threshold of proof in order to warrant the granting of motions to vacate a plea that are filed after sentencing in the case has occurred, such as the scenario presented in the instant case.

{¶ 15} Crim.R. 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but *to correct manifest injustice* the court after sentence may * * * permit the defendant to withdraw his or her plea." (Emphasis added).

4.

{¶ 16} In support of the first assignment, appellant opines that he, "was presented with three (3) *unappealing* options on how to proceed." (Emphasis added).

{¶ 17} Appellant proceeds to unilaterally claim that he had been sleep deprived the night before the change of plea negotiations, having allegedly only received approximately six hours of uninterrupted sleep, while claiming to require a minimum of nine hours of uninterrupted sleep to properly, legally function. We are not persuaded.

{¶ 18} The transcripts of the change of plea proceedings undercut appellant's claims of deficient cognitive functioning in the course of the entry of the negotiated plea.

{¶ 19} The transcript of the January 18, 2019 change of plea hearing reflects appellant to be fully engaged, inquisitive, focused, and actively participating in detailed negotiations with his counsel and the trial court. It is devoid of any evidence reflecting appellant to be cognitively compromised.

{¶ 20} At one point in the midst of the proceedings, the trial court states to appellant, "I've given you over three hours to talk with your attorney about everything that's going on today in private back in the jury room, because I wanted you to not feel rushed."

{¶ 21} Later, while contemplating his options, appellant states to the trial court, "Your honor, if I do have to prepare in custody, I'm going to need access to the law library * * * I just ask that you use your authority to ensure that I have unfettered access to the extent possible to the materials." Such exchanges do not comport with appellant's current cognitive claims.

5.

{¶ 22} Subsequently, when it appeared that an agreement was at hand after approximately five hours of deliberations and discussions, the trial court inquired of appellant, "[B]ased on conversation with both the court, with the prosecutor's office, with Mr. Soto who is standing in as your counsel today, do you feel that you have had enough time to understand what's going on today?" Appellant responded, "I have had enough time."

{¶ 23} The trial court further inquired of appellant, "So you feel clear-headed when making this decision this afternoon?" Appellant replied, "Yes."

{¶ 24} The record encompasses ample evidence that appellant was not cognitively compromised, and no manifest injustice occurred, by the entry of the plea. We find appellant's first assignment of error not well-taken.

{¶ 25} In appellant's second assignment of error, appellant similarly maintains that the underlying plea was the product of coercion, duress, and was taken in violation of the Crim.R. 11(C) mandate that a plea be knowing, intelligent, and voluntary. We do not concur.

{¶ 26} The transcripts of proceedings in this case run directly counter to appellant's unsupported assertions of having lacked the ability to knowingly, intelligently, and voluntarily enter the negotiated plea underlying this appeal.

{¶ 27} During an exchange with the trial court at the change of plea hearing, the trial court inquired what appellant had learned or gained from courses taken at CCNO. Appellant articulately explained to the trial court that, "What I've learned was

6.

autodidactic. What I mean by that is the classes in jail, a lot of them are demeaning at best. Some of them are counterproductive. But I got from them whatever I could."

{¶ 28} Appellant's intellectual acumen, as acknowledged by appellant himself, and as reflected in the transcripts, refutes appellant's current, unsupported claims of lacking clear-headedness or making decisions based upon duress or coercion in the resolution of this matter.

{¶ 29} The record is devoid of evidence that the underlying plea was not knowing, intelligent, and voluntary, or in any way in breach of Crim.R. 11(C). We find appellant's second assignment of error not well-taken.

{¶ 30} In the third assignment of error, appellant asserts that the trial court unlawfully sentenced appellant by imposing consecutive misdemeanor sentences. We do not concur.

{¶ 31} While appellant concedes that R.C. 2929.41(B)(1) authorizes consecutive misdemeanor sentencing, appellant suggests that such consecutive misdemeanor sentencing is limited to only those offenses enumerated by section number in the statute. The plain meaning of the statutory language says otherwise.

{¶ 32} R.C. 2929.41(B)(1) establishes, "A jail term or sentence of imprisonment for a misdemeanor *shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively* or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131."

{¶ 33} Accordingly, the express statutory language authorizes consecutive misdemeanor sentencing through trial court specification of same at sentencing, in addition to making it automatic in cases involving the three above-quoted offenses. *See, e.g., State v. Burley*, 7th Dist. Mahoning No. 16 MA 0076, 2017-Ohio-378, ¶ 10 ("A jail term for a misdemeanor shall be served consecutively with any other jail term when the trial court specifies it to be served consecutively. R.C. 2929.41(B)(1) (with the aggregate term not to exceed 18 months)"). *See also State v. Dumas*, 7th Dist. Mahoning No. 10 MA 61, 2011-Ohio-3102, ¶ 11 (a trial court may impose consecutive sentences in a misdemeanor case).

{¶ 34} Lastly, we note that appellant's reliance on *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, is misplaced. *Polu*s entailed consecutive felony and misdemeanor sentencing, versus the consecutive misdemeanor sentencing at issue in this case, and is, therefore, not decisive to our consideration in this matter.

{¶ 35} Appellant has failed to demonstrate that the trial court's consecutive sentencing on the multiple misdemeanor convictions underlying this appeal was unlawful. Wherefore, we find appellant's third assignment of error not well-taken.

{¶ 36} In appellant's fourth assignment of error, appellant maintains that his right to a speedy trial was breached in this case. We do not concur.

{¶ 37} Pursuant to R.C. 2945.71(B)(2), a defendant must be tried, "Within ninety days after the person's arrest or service of summons, if the offense is a misdemeanor of the first or second degree."

8.

{¶ 38} Appellant's claims in this assignment stem from appellant's original 2018 bench trial convictions on these cases, subsequently remanded by this court on a procedural basis. Upon remand, appellant entered a voluntary plea.

{¶ 39} It is well-established that by entering a plea of guilty, a defendant thereby waives the right to a speedy trial challenge upon appeal. *State v. Glanton*, 6th Dist. Wood No. WD-18-091, 2020-Ohio-834, ¶ 21-26.

{¶ 40} We find appellant's fourth assignment of error not well-taken.

{¶ 41} On consideration whereof, the judgment of the Toledo Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J. _____

Arlene Singer, J. _____

Thomas J. Osowik, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.